The PEOPLE of the State of
Colorado, Petitioner,

v.

David CORIA, Respondent.

No. 95SC750.

Supreme Court of Colorado,
En Banc.

April 14, 1997.

As Modified on Denial of Rehearing
May 19, 1997.

Stuart A. VanMeveren, District Attorney, Eighth Judicial District, Loren B. Schall, Assistant District Attorney, Fort Collins, for Petitioner.

David F. Vela, State Public Defender, Andrew A. Saliman, Deputy State Public Defender, Eric Sims, Jr., Deputy State Public Defender, Englewood, for Respondent.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari to review the Larimer County District Court's order in *People v. Coria*, No. 94CR1093 (Nov. 6, 1995), reversing the defendant's conviction for driving while ability impaired (DWAI) and weaving, and remanding the case to the Larimer County Court for a new trial.[1] The district court reversed the county court's decision on three grounds: (1) the county court's refusal to allow the defendant, David Coria (Coria), to be represented by a law student intern denied him counsel of choice; (2) the county court's comment on a defense counsel objection during the prosecutor's closing argument constituted error which affected the fairness of the proceedings; and (3) the county court's direction to jurors to mark "defendant's theory of the case" singled that instruction out in a manner which denied Coria a fair trial. We disagree, reverse the decision of the district court, and remand with directions to reinstate the jury verdict and judgment of conviction.

---

1. The certiorari issues were stated as follows:
   1. Whether the district court erred in ruling that the county court committed reversible error by denying defendant representation at trial by a law student intern as counsel of his choice;
   2. Whether the district court erred in ruling that the county court committed prejudicial error when the court commented during closing argument that defense counsel knew that an objection was improper and was merely objecting to interrupt the prosecutor's argument; and
   3. Whether the district erred in ruling that the county court denied the defendant a fair trial by telling the jury during the reading of the instructions to mark "defendant's theory of the case" on the defendant's theory of the case instruction.

## I.

In Fort Collins, on October 21, 1993, at approximately 7:50 p.m., Officer Deanna Deyen observed a car weaving ahead of her. The car crossed the center yellow line three times. Coria failed a field sobriety test and was placed under arrest for driving under the influence (DUI), pursuant to section 42–4–1202(1)(a), 17 C.R.S. (1993) (now codified as section 42–4–1301(1)(a), 17 C.R.S. (1996 Supp.)), and weaving, pursuant to section 42–4–907, 17 C.R.S. (1993) (now codified as section 42–4–1007, 17 C.R.S. (1996 Supp.)).

Prior to trial, Coria was represented by a deputy public defender who was assisted by a certified law student intern, pursuant to sections 12–5–116 to –116.5, 5A C.R.S. (1991). On the day of the scheduled trial, April 18, 1994, this deputy public defender could not appear because of a scheduling conflict and assigned the case to the law student intern, to try with another public defender acting as co-chair.

The county court then called a conference with the chief judge of the district court, the law student intern, the second public defender, and the deputy district attorney assigned to the case, after which the county judge declined to allow the student's appearance in the manner proposed. All proceedings were stayed so that the Public Defender's Office could consider an appeal of this ruling.

On June 9, 1994, the Public Defender's Office filed a Motion to Reconsider, which was denied. The defense then made a motion to continue the case for trial, and Coria waived his right to a speedy trial. When the trial occurred, Coria was represented by the second public defender, assisted by a different law student intern who was allowed to sit at defense counsel's table, deliver closing argument, and cross-examine one witness.

At the conclusion of trial testimony, the county court read the instructions to the jury. One of the jury instructions was a defendant's theory of the case instruction. The court instructed the jurors to mark "defendant's theory of the case" on this instruction.

After defense counsel's closing argument, the prosecuting attorney made the following comment to the jury:

That was very nice. Theatrics 101. That, I'm sure, would receive a very good grade.

What is defense (inaudible). The defense is smoke and mirrors. Let's create some diversionary tactics and (inaudible).

The defense objected, and the trial court stated, "Counsel, you know that's proper. You're just objecting to interrupt his flow and your objection is overruled." The defense had previously objected twice during the first part of the prosecutor's closing argument, and three more times after this objection; all were overruled.

The jury returned a verdict of guilty on the charges of DWAI and weaving. Coria filed a motion for new trial, which was denied. At sentencing, the trial court imposed a fine of $300, twenty-four months probation, thirty days in jail as a condition of the probation, forty-eight hours of useful public service for the DWAI offense, and an additional fine of $35 for the weaving offense, plus court costs and fees.

Coria appealed to the Larimer County District Court, raising several assignments of error. The district court reversed the conviction for DWAI and weaving, and remanded the case to the county court for a new trial because: (1) the "refusal to allow defendant to be represented by counsel of his choice constituted reversible error, denying him a fair trial"; (2) the county court's comment to defense counsel during the prosecutor's closing argument "was improper and prejudicial" and "constituted error which affected the fairness of the proceedings"; and (3) when the county court told "the jury during the reading of the instructions to mark 'defendant's theory of the case' on the instruction," it "denie[d] defendant a fair trial." The prosecution petitioned for certiorari review, which was granted. We now reverse the district court's decision and remand with instructions to reinstate the judgment of conviction.

## II.

The district court erred in determining that the Sixth Amendment right to the assistance of counsel encompasses representation by a law student. As to the other issues, the trial court should not have directed the jury to mark defendant's theory of the case instruction, nor should the trial court have commented that defense counsel's interruption of the prosecutor's closing argument was knowingly improper and only for the sake of disruption. Nevertheless, neither of these occurrences deprived Coria of a fair trial.

## A.

The district court concluded that the county court had refused "to allow defendant to be represented by counsel of his choice" in violation of the Sixth Amendment. The district court incorrectly analyzed the applicable law.

■■■ Indigent criminal defendants have a fundamental right to counsel for the trial of their cases, but not an absolute right to demand a particular attorney. *See People v. Arguello,* 772 P.2d 87, 92 (Colo.1989). The substitution of one public defender with another does not violate the Sixth Amendment right to counsel, absent evidence of prejudice. *See People v. Gardenhire,* 903 P.2d 1165, 1168 (Colo.App.1995) (perceiving no reversible error in the trial court's ruling to deny motion to continue due to scheduling conflict of the counsel of record). However, the law student intern was neither a deputy public defender nor a licensed Colorado practitioner. Defendants do not have a right under the Sixth Amendment to be represented by unlicensed persons. "[A]n advocate who is not a member of the bar may not represent clients ... in court." *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140(1988). Colorado statutory law does provide that a certified law student intern may participate in municipal and county court proceedings as part of a learning program, subject to the supervisory jurisdiction of this court and the approval of the trial court.

This court has the sole authority to license attorneys in this state and to prescribe the rules and circumstances under which a person may appear as counsel in Colorado courts. Section 12–5–101, 5A C.R.S. (1991) requires a license to practice law in Colorado and states that: "No person shall be permitted to practice as an attorney- or counselor-at-law ... without having previously obtained a license for that purpose from the supreme court."

The public defender argues that we certified this law student under sections 12–5–116.2 and –116.3; consequently, the student had a right to appear and try this case. We disagree. This argument misperceives our supervisory powers and the statute governing law student interns. In preparation for their intended future profession, certified law students may appear in a county or municipal court criminal proceeding under the supervision of a Colorado licensed attorney and with the client's consent, as provided by section 12–5–116.1(1):

(1) *An eligible law student intern,* as specified in section 12–5–116.2, *may appear and participate* in ... any county or municipal court criminal proceeding, except when the defendant has been charged with a felony ... *under the following circumstances:*

(a) If the person on whose behalf he is appearing has indicated his consent to that appearance and the law student intern is under the supervision of a supervising lawyer, as specified in section 12–5–116.4;

(b) *When representing the office of the state public defender and its clients, if the person on whose behalf he is appearing has indicated his consent to that appearance and the law student intern is under the supervision of the public defender or one of his deputies;* and

(c) On behalf of the state or any of its departments, agencies, or institutions, a county, a city, or a town, with the written approval and under the supervision of the attorney general, attorney for the state, county attorney, district attorney, city attorney, town attorney, or authorized legal services organization. A general approval for the law student intern to appear, executed by the appropriate supervising attorney pursuant to this paragraph (c), shall be

filed with the clerk of the applicable court and brought to the attention of the judge thereof.

(Emphasis added.)

Additionally, section 12–5–116.2 sets out the eligibility requirements for a law student who seeks to appear and participate in court proceedings. The law student must be enrolled in or be a graduate of an accredited law school, *see* § 12–5–116.2(a), have completed at least two years of legal studies, *see* § 12–5–116.2(b), and have the certification of the law school dean, *see* § 12–5–116.2(c). The intern must *"[b]e introduced to the court or administrative tribunal in which he is appearing as a law student intern by a lawyer authorized to practice law in this state."* § 12–5–116.2(d) (emphasis added). The law student intern can neither ask for, nor receive, any compensation or remuneration, *see* § 12–5–116.2(e), and must state that he or she has read, is familiar with, and will be governed by the code of professional responsibility, *see* § 12–5–116.2(f).

When participating with the Public Defender's Office, a law student intern must be "under the supervision of the public defender or one of his deputies." § 12–5–116.1(1)(b). The supervising lawyer must: (1) be authorized to practice law in Colorado; (2) be a lawyer in the public sector; (3) assume professional responsibility for the conduct of the law student intern; and (4) assist the law student intern in his or her preparation to the extent the supervising lawyer considers necessary. *See* § 12–5–116.4.

Despite the language of section 12–5–116 stating that law students participating *in a law school legal aid clinic* are "authorized to appear in court as if licensed" attorneys, § 12–5–116,[2] we provided by rule that their supervising attorneys, and the judge of the court in which they propose to appear, must approve. C.R.C.P. 226 provides that:

Students of any accredited Colorado law school which maintains a legal aid dispensary where poor persons receive legal advice and services, shall, when representing said dispensary and its clients, and then only, be authorized to appear in district, county, and municipal courts of the state as if licensed to practice; *provided such representation shall be with the approval of the lawyers in charge of the said legal aid clinic, and the judge of the court in which the student appears.*

(Emphasis added.)

We have inherent, plenary, and exclusive authority to "regulate, govern, and supervise the practice of law in Colorado to protect the public." *Colorado Supreme Court Grievance Comm. v. District Court,* 850 P.2d 150, 152 (Colo.1993). As a superintending counterpart to C.R.C.P. 226, we hold that municipal and county courts have discretion to determine whether a certified law student intern may appear in particular proceedings in such courts.

The applicable statute provides that a certified law student intern "may appear and participate," § 12–5–116.1(1), when "under the supervision of the public defender or one of his deputies," § 12–5–116(1)(b), and when "introduced to the court ... in which he is appearing," § 12–5–116.2(d). Together, these provisions are intended to provide the trial court with authority to approve or disapprove the role which the supervising attorney, with the consent of the client, proposes for participation by the law student intern.

Here, the trial judge was informed on the day of trial that the public defender who had supervised the law student during the prior stages of the case was not available to try the case and the trial would be conducted by the law student with a different public defender as co-chair. The trial court was not satisfied that the case would be effectively

---

2. Section 12–5–116 states:
*Legal aid dispensaries—law students practice.* Students of any law school which has been continuously in existence for at least ten years prior to April 23, 1909, and which maintains a legal-aid dispensary where poor persons receive legal advice and services shall, when representing said dispensary and its clients, *be*

*authorized to appear in court as if licensed to practice.*
(Emphasis added.)
This above underscored language does not appear in the provisions pertaining to law student interns in county or municipal court criminal proceedings.

and efficiently tried under the circumstances. When the trial did commence later, the trial court allowed the Public Defender's Office and its client to be assisted by a law student intern under circumstances which the trial court determined to be appropriate. But this time, the public defender assigned to supervise the trial of the case had discussed the law student's proposed role and had obtained the trial judge's approval.

■ Normally, a certified law student's participation sponsored and supervised by the Public Defender's Office should be allowed when consent is given by a defendant. Absent an abuse of discretion, however, we will not disturb a trial court's determination that the proposed manner of participation should be disallowed in a paricular instance or should be allowed subject to conditions imposed by the court.

The district court cited *Anaya v. People,* 764 P.2d 779 (Colo.1988), in support of its ruling that "the refusal to allow defendant to be represented by counsel of his choice constituted reversible error, denying him a fair trial." *Anaya,* which deals with disqualification of licensed counsel and a law firm, in no way suggests that the defendant is denied a fair trial if the trial court declines to permit a law student intern to participate. The intern statute contemplates trial court discretion, and we conclude that the judge's reasonable exercise of discretion here should be affirmed.

## B.

During the prosecutor's closing argument, defense counsel stated, "Your Honor, I'm going to object. I think (inaudible)." The county court overruled the objection stating, "Counsel, you know that's proper. You're just objecting to interrupt his flow and your objection is overruled." Defense counsel responded by saying "Judge—," to which the county court replied, "Your objection is overruled."

■ Courts "must meticulously avoid any appearance of partiality, not merely to secure the confidence of the litigants immediately involved, but to retain public respect and secure willing and ready obedience to their judgments." *People v. Hrapski,* 718 P.2d 1050, 1054 (Colo.1986). In *Klinck v. District Court,* 876 P.2d 1270, 1274 (Colo.1994), we determined that "[b]oth the actuality and appearance of fairness must be considered" because "the appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as would the actual presence of bias or prejudice." A trial court judge has wide discretion in conducting a trial, but must exercise restraint over his or her conduct and statements to maintain an impartial forum. *See United States v. Welch,* 745 F.2d 614, 620–21 (10th Cir.1984).

■ Characterizing the motivation of an advocate who makes an objection detracts from a judge's role in focusing on the merits of the objection and conducting the proceedings impartially. We disapprove of the trial court's comment here, but Coria was not denied a fair trial because of it. In *People v. Moody,* we determined that the scope of closing argument rests in the sound discretion of the trial court, and we will not disturb its rulings thereon absent a gross abuse of discretion resulting in prejudice and a denial of justice. 676 P.2d 691, 697 (Colo.1984). The trial court could have sustained the defense objection because this portion of the prosecutor's closing argument referring to "Theatrics 101," "smoke and mirrors," and "diversionary tactics" was directed not to the law and the facts of the case but, rather, at opposing counsel.

■ To warrant reversal, however, more than mere speculation concerning the possibility of prejudice must be demonstrated. *See People v. Conley,* 804 P.2d 240, 245 (Colo.App.1990). The test is whether the judge's conduct departed from the required impartiality to such an extent as to deny the defendant a fair trial. *See People v. Adler,* 629 P.2d 569, 573 (Colo.1981); *see also Conley,* 804 P.2d at 245. Numerous statements of a judge during trial demonstrating irritation and intolerance toward defense questioning, cumulatively, could render a trial unfair. *See People v. Vialpando,* 809 P.2d 1082, 1084 (Colo.App.1990).

■ Judicial decorum and restraint are always goals, but comments which cause dis-

appointment, discomfort, or embarrassment to counsel in the presence of the jury, without more, rarely constitute deprivation of a fair trial. *See United States v. Welch,* 745 F.2d at 621 (although the court's comments were brusk and disturbing to counsel, the matters mentioned were but minor incidents not affecting the substantial rights of the defendant); *United States v. Rosenfeld,* 545 F.2d 98, 103 (10th Cir.1976) (no error when trial court interrupted defense closing argument to correct what appeared to be an improper argument and then admonished defense counsel in the presence of the jury); *Lowther v. United States,* 455 F.2d 657, 666 (10th Cir.1972) (holding that the court has the power to direct the trial along recognized lines of procedure in a reasonable manner to bring about a just result); *Cooper v. United States,* 403 F.2d 71, 73 (10th Cir.1968) (indications in the presence of the jury that statements of defense counsel are ridiculous, are not to be encouraged; however, such conduct does not constitute reversible error).

Here, the county court's comment about the public defender knowingly and improperly interrupting the flow of the prosecutor's closing argument was unnecessary and should not have been made, but Coria has failed to demonstrate that this deprived him of a fair trial. *See People v. Drake,* 748 P.2d 1237, 1249 (Colo.1988) ("We cannot say, however, that the record as a whole establishes that bent of mind against the defendant or his attorney that warrants a finding of bias, prejudice or interest against the defendant.").

### C.

During the reading of the jury instructions, the county court instructed the jury to mark "defendant's theory of the case" on instruction 15. The district court held that this denied Coria a fair trial. We disagree, but also conclude that singling out defendant's theory of the case in this manner is not good judicial practice.

In *People v. Nunez,* 841 P.2d 261 (Colo. 1992), we noted that a jury "instruction embodying a defendant's theory of the case *must be given* by the trial court if the record contains any evidence to support the theory."

*Id.* at 264. The defendant is entitled to such an instruction regardless of how improbable or unreasonable the theory might be. *See id.* at 265. We have long held that jury instructions are to be read as a whole and, when taken as a whole, no error occurs if they adequately inform the jury of the law. *See People v. Travis,* 192 Colo. 169, 171, 558 P.2d 579, 581 (1976). The jury is entitled to determine the truth of the defendant's theory, not the court. *See Nunez,* 841 P.2d at 264–65.

■ In the present case, the county court tendered defendant's theory of the case instruction to the jury. The court has a duty "to properly instruct the jury on all matters of law." *Key v. People,* 715 P.2d 319, 323 (Colo.1986). To do so, the jury must be informed both as to the applicable law and defendant's theory of the case. The district court held that, by telling the jury to mark "defendant's theory of the case" at the top of the instruction, the county court created two classes of instructions: one coming from the court, thereby having credibility and validity associated with it; and another class coming from Coria, from which the court disassociated itself. The district court reasoned that the jury could infer that this latter class of instructions should be viewed skeptically or with less weight.

■ We disagree that Coria's conviction should be reversed. The county court did not comment on the evidence nor on the merits of the case or the instruction. *See* Crim.P. 30. The form of jury instructions given to the jury is within the sound discretion of the county court. *See People v. Tippett,* 733 P.2d 1183, 1195 (Colo.1987); *see also People v. Ridenour,* 878 P.2d 23, 25 (Colo.App.1994). The jury was left with weighing and considering the evidence introduced at trial and determining what crime, if any, was committed. *See Nunez,* 841 P.2d at 264 n. 6.

■ Nevertheless, trial courts should refrain from spontaneously directing jurors to mark an instruction unless both counsel have had the opportunity to object. A danger exists that drawing such attention to the "court's instructions" as opposed to "defen-

dant's instruction" may be perceived as a comment on the evidence.

## III.

Accordingly, we reverse and remand this case to the district court with directions to reinstate the jury verdict and judgment of conviction.