Dr. Christine F. **STAUFFER**; A Woman's Place Healing Center, P.L.L.P.; A Woman's Center, P.C.; and John Stauffer, Plaintiffs–Appellants,

v.

Cara J. **STEGEMANN**, Peter Dusbabek, and Pamela Roys, Defendants–Appellees.

No. 05CA0965.

Colorado Court of Appeals, Div. III.

Aug. 24, 2006.

As Modified on Denial of Rehearing Nov. 2, 2006.

Certiorari Denied July 30, 2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2005.

Anne Whalen Gill, LLC, Anne Whalen Gill, Castle Rock, Colorado, for Plaintiffs–Appellants.

White and Steele, P.C., John M. Palmeri, Franz Hardy, Denver, Colorado, for Defendant–Appellees Cara J. Stegemann and Peter Dusbabek.

Thomas R. French, P.C., Thomas R. French, Fort Collins, Colorado, for Defendant–Appellee Pamela Roys.

Opinion by Judge TAUBMAN.

Plaintiffs, Dr. Christine F. Stauffer (Dr. Stauffer); A Woman's Place Healing Center, P.L.L.P.; A Woman's Center, P.C.; and John Stauffer, appeal the trial court's judgment dismissing their claims against defendants, Cara J. Stegemann and Peter Dusbabek (collectively attorneys) and Pamela Roys. We affirm and remand for an award of appellate attorney fees.

This action arises out of a discovery dispute that occurred in underlying litigation concerning the dissolution of a medical practice involving Dr. Stauffer and Dr. Hayes, the latter of whom is not a party to this appeal. That litigation was stayed while the parties pursued arbitration.

During the arbitration, the arbitrator issued a discovery order that required that all files and documents of the partnership be made available by the parties for inspection and copying by the other party. The order specified production of both electronic and hard copy records, in whatever form they existed.

Pursuant to that order, Stegemann, as defense counsel for Dr. Hayes, arranged with John Stauffer, Dr. Stauffer's husband, to review records at Dr. Stauffer's new medical office. Stegemann and Roys, who had worked as office manager for both Dr. Stauffer and Dr. Hayes in the prior practice and then worked as office manager for Dr. Hayes in her new medical practice, went to Dr. Stauffer's office, viewed records on her office computer, and printed out one four-page document. John Stauffer demanded the return of the document, claiming that it was not covered by the discovery order. Dusbabek, another attorney for Dr. Hayes, subsequently appeared at the office, and after consulting with Stegemann and Roys, explained that they were entitled to the document under the discovery order and that they would not return the document to John Stauffer, but they provided him with a copy of it.

As a result of this incident, plaintiffs and various unnamed patients filed an amended complaint to assert claims against defendants for conversion, invasion of privacy, wrongful disclosure of patient information and breach of privacy, and outrageous conduct. The amended complaint referenced and attached various exhibits, including the partnership agreement, affidavits by John Stauffer and the person whose computer was used, the discovery order, and the four-page printout.

The attorneys moved to dismiss the claims against them. They argued that plaintiffs had failed to state a claim for conversion because the discovery order gave them the authority to obtain the four-page document. The attorneys also argued that they had absolute immunity because the alleged improper conduct occurred during the course of litigation, that is, the arbitration. The trial court agreed with the attorneys' arguments and granted their motion to dismiss.

The attorneys then sought attorney fees pursuant to § 13–17–201, C.R.S.2005. In response, plaintiffs argued that attorney fees should not be awarded because the order did not dismiss the entire lawsuit. The trial court rejected plaintiffs' argument and granted in part the request for attorney fees.

Roys also moved to dismiss the claims against her. She argued, as did the attorneys, that her conduct was allowed by the arbitrator's discovery order and that she was not liable under any of the claims brought by plaintiffs.

The trial court treated Roys' motion as a motion for summary judgment based on its

consideration of affidavits filed by the parties. The court determined that, even assuming that all allegations of the amended complaint and the affidavits were true, plaintiffs had failed to establish that they were entitled to relief.

## I.

Plaintiffs contend that the trial court erred in dismissing their claims against the attorneys for failure to state a claim for relief. We are not persuaded.

### A.

■ A complaint may be dismissed when it fails to state a claim upon which relief may be granted. *See* C.R.C.P. 12(b)(5). In analyzing a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim upon which relief may be granted, a court considers only those matters stated in the complaint, accepting them as true and viewing them in the light most favorable to the plaintiff. *See Coors Brewing Co. v. Floyd,* 978 P.2d 663 (Colo. 1999).

■ However, when, as here, the plaintiff attaches documents to the complaint, the court may consider those documents in ruling on a motion to dismiss. *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir.1991); *Vaughn v. Krehbiel,* 367 F.Supp.2d 1305 (D.Colo.2005); *see* C.R.C.P. 10(c) (an exhibit to a document is a part thereof for all purposes); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1327 (3d ed.2004) (noting that numerous cases throughout the federal court system hold that the contents of any attached writing may be considered by the court in a motion to dismiss for failure to state a claim for relief); *cf. Yadon v. Lowry,* 126 P.3d 332 (Colo.App.2005)(trial court's consideration of an order attached to an amended answer which was referred to in, but not attached to, the complaint, the authenticity of which was not disputed, did not convert the motion to dismiss into a motion for summary judgment).

While plaintiffs concede in their reply brief that the trial court may consider documents attached to their complaint, they neverthe-

less argue that the trial court must also consider the allegations of the complaint as true and in the light most favorable to plaintiffs, even if they conflict with the attached documents. We disagree.

■ When documents are attached to a complaint, the legal effect of the documents is determined by their contents rather than by allegations in the complaint. *See Jacobsen v. Deseret Book Co.,* 287 F.3d 936 (10th Cir.2002); *Droppleman v. Horsley,* 372 F.2d 249 (10th Cir.1967). Further, a trial court is not required to accept legal conclusions or factual claims at variance with the express terms of documents attached to the complaint. *Olpin v. Ideal Nat'l Ins. Co.,* 419 F.2d 1250 (10th Cir.1969).

Accordingly, here, the trial court properly considered the four-page printout and its legal effect, including that it contained the name and address of Dr. Stauffer's new medical office, but billing dates of the old partnership.

Accordingly, we conclude that the trial court properly considered the documents attached to plaintiffs' complaint.

### B.

■ To the extent plaintiffs appeal the dismissal of the claims against defendants for invasion of privacy, wrongful disclosure of patient information and breach of privacy, and outrageous conduct, we note that these claims were asserted on behalf of the unnamed plaintiffs and that the trial court subsequently determined that it lacked subject matter jurisdiction over these claims. In reaching that conclusion, the court determined that the action did not involve the exceptional circumstances required for allowing the unnamed plaintiffs to proceed under pseudonyms.

Because this ruling has not been appealed, and the unnamed parties were not listed on the notice of appeal, we conclude that plaintiffs do not have standing to assert claims on behalf of the unnamed plaintiffs. *See State Bd. for Cmty. Colls. & Occupational Educ. v. Olson,* 687 P.2d 429 (Colo.1984)(in general, a plaintiff may not assert the rights or legal

interests of another to obtain standing). Accordingly, we will not separately address the dismissal of these claims.

### C.

■ In light of the foregoing, we need only address plaintiffs' contention that the trial court erred in dismissing their claim for conversion against the attorneys. We conclude that the court properly dismissed this claim.

■ Conversion is defined as any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another. *See Glenn Arms Assocs. v. Century Mortgage & Inv. Corp.,* 680 P.2d 1315 (Colo.App.1984); *see also* Restatement (Second) of Torts § 222A(1) (1965) (providing that "[c]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel").

Here, the amended complaint alleged that Roys, at the request of the attorneys, viewed information on the computer that was clearly marked "A Woman's Center, P.C.," the name of Dr. Stauffer's new practice. The complaint also alleged that Roys printed out hard copies of and took with her information that was contained on the computer. The complaint further alleged that defendants refused to return the hard copy printout, but agreed to photocopy it and provided John Stauffer with a four-page document, which plaintiffs attached to their complaint.

The discovery order provided that all files and documents of the partnership, including both electronic and hard copy records, be made available by the parties for inspection and copying by the other party. The four-page document listed various services provided by Dr. Stauffer, as well as the amounts charged, from January 23 until August 28, 2002. As set forth in the amended complaint, the last service was provided shortly before Dr. Hayes allegedly breached the partnership agreement on August 30, 2002. Although the bottom of each page contained the notation: "This program is registered to A WOMAN'S CENTER, P.C.," nothing otherwise indicated that the document was not responsive to the discovery order. In addition, the allegations of the complaint fail to demonstrate that defendants had improperly exercised dominion and control over other information maintained by plaintiffs.

Therefore, because the allegations of the complaint and the attached document fail to demonstrate any distinct, unauthorized act of dominion or ownership exercised by defendants over the personal property belonging to plaintiffs, we conclude that the trial court properly dismissed plaintiffs' claim for conversion against the attorneys. *See Glenn Arms Assocs. v. Century Mortgage & Inv. Corp., supra.*

### D.

In light of our determination, we need not address the trial court's application of the doctrine of absolute immunity to bar plaintiffs' claims against the attorneys.

### II.

Plaintiffs also contend that the trial court erred in granting summary judgment in favor of Roys. We disagree.

### A.

■ Summary judgment is appropriate when the pleadings and supporting documents clearly demonstrate that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.,* 90 P.3d 814 (Colo.2004). We review the trial court's grant of a motion for summary judgment de novo. *McIntyre v. Bd. of County Comm'rs,* 86 P.3d 402 (Colo.2004).

### B.

Plaintiffs asserted claims against Roys for conversion, invasion of privacy, wrongful disclosure of patient information and breach of privacy, outrageous conduct, civil conspiracy, and breach of duty. However, in light of our determination in part I B that the trial court properly dismissed plaintiffs' claims for inva-

sion of privacy, wrongful disclosure of patient information and breach of privacy, and outrageous conduct for lack of subject matter jurisdiction, we need not address those claims here.

### C.

Next, for the same reasons stated in part I for our conclusion that plaintiffs' conversion claim against the attorneys failed to state a claim for relief, we also conclude that the trial court properly dismissed this claim against Roys. In short, Roys' conduct in reviewing and printing the four-page document was authorized by the discovery order and did not support a claim for conversion.

### D.

With regard to plaintiffs' remaining claim for civil conspiracy, we also conclude that the trial court properly dismissed this claim.

A claim for civil conspiracy has the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as the proximate result thereof. See Nelson v. Elway, 908 P.2d 102 (Colo. 1995).

In support of their claim for civil conspiracy and breach of duty, plaintiffs alleged in the amended complaint that Dr. Hayes enlisted the aid of Roys to engage in improper conduct, including unauthorized canceling of insurance contracts, interference with employees at the office, and canceling of telephone service.

The trial court found that plaintiffs failed to establish that Roys participated in the alleged conduct. In particular, the court noted that Dr. Stauffer stated in her affidavit that a representative of a phone company informed her that Dr. Hayes had authorized the cancellation of her phone service. In addition, John Stauffer, in his affidavit, averred that an insurance company representative informed him that Dr. Hayes had terminated the insurance contracts. Consequently, the court found that plaintiffs had failed to set forth an "unlawful overt act" on

the part of Roys. We agree with that determination.

As the trial court noted, the allegations of misconduct of Roys with regard to the cancellation of insurance contracts and phone service are not supported by plaintiffs' own affidavits or the allegations of the amended complaint, which attributed the alleged improper conduct to Dr. Hayes. In addition, plaintiffs failed to set forth any facts supporting the allegation that Roys interfered with office employees. Accordingly, we are unable to conclude that a genuine issue of material fact is present regarding whether Roys engaged in an unlawful overt act sufficient to support a claim for civil conspiracy.

Therefore, we conclude that the trial court did not err in granting summary judgment in favor of Roys.

### III.

Plaintiffs further contend that the trial court erred in awarding attorney fees to the attorneys pursuant to § 13–17–201 because claims were still pending as to other defendants at the time of dismissal and, thus, the entire lawsuit had not been dismissed. However, this same argument was rejected by a division of this court in Smith v. Town of Snowmass Village, 919 P.2d 868 (Colo. App.1996).

Section 13–17–201 provides that in certain tort actions where "the defendant" moves for and is granted pretrial dismissal under C.R.C.P. 12(b), "such defendant" shall have an award of attorney fees.

In Smith, the division held that by using the term "defendant" in the singular, § 13–17–201 necessarily applies to each defendant who has an action against it dismissed pursuant to C.R.C.P. 12(b)(1). Thus, the division concluded that because the entire action against the town had been dismissed, the town could obtain its attorney fees under § 13–17–201.

We agree with the decision in Smith and conclude that the trial court properly awarded the attorneys their attorney fees. State v. Golden's Concrete Co., 962 P.2d 919 (Colo. 1998), relied on by plaintiffs, is distinguish-

able. There, the supreme court held that § 13–17–201 applies to the dismissal of an entire tort action, rather than a single tort claim. However, the *Golden's Concrete* court did not address the issue presented in *Smith*—the applicability of the statute when all claims against a defendant are dismissed.

### IV.

The attorneys also request an award of the attorney fees they incurred in defending against this appeal. We conclude that such an award is appropriate. *See Wark v. Bd. of County Comm'rs,* 47 P.3d 711 (Colo. App.2002)(a party who successfully defends an appeal of an action that was dismissed on a pretrial motion to dismiss under the Governmental Immunity Act is entitled to recover its reasonable appellate attorney fees pursuant to § 13–17–201). However, because the trial court is in a better position to determine the reasonable attorney fees incurred by the attorneys on appeal, we remand the case for further proceedings on that issue. *See* C.A.R. 39.5; *Camelot Invs., LLC v. LANDesign, LLC,* 973 P.2d 1279 (Colo.App.1999).

The judgment is affirmed, and the case is remanded to the trial court to determine and award the reasonable attorney fees the attorneys incurred in defending against this appeal.

Judge FURMAN and Justice ROVIRA * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.