Stephanie CLEMENTS, Plaintiff–Appellant,

v.

Jenifer L. DAVIES, D.P.M., Defendant–Appellee.

No. 07CA1554.

Colorado Court of Appeals, Div. V.

Feb. 19, 2009.

Rehearing Denied March 19, 2009.

Leventhal, Brown & Puga, P.C., Benjamin Sachs, Natalie Brown, Denver, Colorado, for Plaintiff-Appellant.

McElroy, Deutsch, Mulvaney & Carpenter, LLP, June B. Laird, Thomas L. Kanan, Jr., Katherine Kelley, Denver, Colorado, for Defendant-Appellee.

Opinion by Judge BOORAS.

In this medical malpractice action, plaintiff, Stephanie Clements, appeals the judgment entered on a jury verdict in favor of defendant, Jenifer L. Davies, D.P.M. We affirm.

## I. Background

This case arises from a podiatric malpractice action in which Dr. Clements sued Dr. Davies, asserting that Dr. Davies was negligent in treating her and performing a bunionectomy and other surgical procedures on July 8, 2003. The jury returned a verdict in favor of Dr. Davies, and judgment was entered accordingly.

Dr. Clements appeals the jury's verdict on the basis that the trial court (1) improperly struck one of her expert witnesses for failure to fully disclose testimonial history; (2) refused to allow one of her expert witnesses to provide rebuttal expert testimony; and (3) made comments that denied her a fair trial.

## II. C.R.C.P. 37(c)(1) Sanction

Dr. Clements first contends the trial court abused its discretion by striking the testimony of one of her expert witnesses. We disagree.

On June 23, 2006, in accordance with C.R.C.P. 26(a)(2), Dr. Clements filed disclosures, endorsing Dr. Thomas Chang to serve as an expert witness on the applicable standard of care.

At the time of Dr. Chang's endorsement, Dr. Clements did not provide a complete statement of Dr. Chang's opinions, stating that "Dr. Chang is currently out of the country; however, his disclosure will be finalized within the next ten days following his return."

On July 20, 2006, Dr. Davies moved to strike Dr. Chang as a witness for failure to disclose any opinions. Dr. Clements responded to the motion and submitted supplemental disclosures on August 1 and 3, 2006, consisting of Dr. Chang's opinions, curriculum vitae, compensation, and partial testimonial history. The trial court denied the motion, concluding that "[Dr. Davies] has not shown prejudice from the late disclosure of [Dr. Chang's] opinions," and "[Dr. Clements] will be permitted to offer the expert opinions of Dr. Chang as disclosed on August 1 and August 3, 2006."

On October 30, 2006, Dr. Chang was deposed. Prior to the deposition, it appears that Dr. Davies' attorney believed that a stipulated case management order had been filed that provided that files of expert witnesses would be produced ten days prior to the expert's deposition. However, for reasons not reflected in the record, the stipulated case management order was ultimately not filed with the court by Dr. Clements' attorney. Nevertheless, both sides had provided the files of their expert witnesses prior to Dr. Chang's deposition.

When Dr. Davies' attorney asked to look at Dr. Chang's file during the deposition, Dr. Chang stated that he had not been able to locate his file materials because he was moving from his office and everything had been placed in boxes. However, Dr. Chang committed to providing the file contents, stating that he would try to "get them out of the boxes in the next week" and have someone copy them. Dr. Davies' attorney agreed to proceed with the deposition using the few materials that Dr. Chang had brought, but requested that Dr. Chang provide copies of all the records in the file and a list of any films. Several times during the deposition, Dr. Chang agreed to provide the materials.

On February 14, 2007, Dr. Davies moved a second time to strike Dr. Chang as a witness on the basis that Dr. Chang failed to (1) disclose sworn testimony given in the last four years pursuant to C.R.C.P. 26(a)(2)(B) and (C) and (2) produce materials on which he relied to form his opinions on the case prior to or at the deposition.

On March 7, 2007, approximately three months prior to trial, the trial court granted the motion to strike, concluding that Dr. Clements failed "to disclose Dr. Chang's prior testimony—5 to 10 transcripts—as required by C.R.C.P. 26(a)(2), and for failure to produce his file at deposition, or since deposition" and that "[t]he continuing failure is inexcusable."

■ We review a trial court's imposition of discovery sanctions under C.R.C.P. 37 for abuse of discretion. *Kwik Way Stores, Inc. v. Caldwell,* 745 P.2d 672, 678 (Colo.1987); *Sheid v. Hewlett Packard,* 826 P.2d 396, 399 (Colo.App.1991).

C.R.C.P. 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by C.R.C.P. Rules 26(a) or 26(e) shall not, unless such failure is harmless, be permitted to present any evidence not so disclosed at trial or on a motion made pursuant to C.R.C.P. 56. In addition to or in lieu of this sanction, the court, on motion after affording an opportunity to be heard, may impose other appropriate sanctions, which, in addition to requiring payment of reasonable expenses including attorney fees caused by the failure, may include any of the actions authorized pursuant to subsections (b)(2)(A), (b)(2)(B), and (b)(2)(C) of this Rule.

### A. *Trattler*

■ We first address and reject Dr. Clements' contention that retroactive application of *Trattler v. Citron,* 182 P.3d 674 (Colo. 2008), requires reversal.

In *Trattler,* our supreme court concluded that when a trial court determines a sanction is mandated by a party's failure to provide an expert witness' testimonial history, the court is not required under C.R.C.P. 37(c)(1) to preclude the complete testimony of the expert. *Id.* at 681–82. C.R.C.P. 37(c)(1) "only requires the preclusion of undisclosed evidence." *Id.* at 682.

A division of this court in *Erskine v. Beim,* 197 P.3d 225 (Colo.App.2008), applied a three-part test to determine whether retroactive application of *Trattler* was required when the trial court struck the plaintiff's expert witnesses for failure to fully disclose testimonial history. *Id.* at 227–29 (three-part test is (1) whether the decision establishes a new principle of law; (2) whether retroactive application will further or retard the purpose and effect of the rule; and (3) whether retroactive application will result in injustice or hardship)(citing *Marinez v. Indus. Comm'n,* 746 P.2d 552, 556 (Colo.1987)). There, the division concluded that although "the first factor is not free of doubt," the second and third factors were met. *Id.* at 228 (noting that the *Trattler* majority, 182 P.3d at 682, "emphasized that 'it is unreasonable to deny a party an opportunity to present relevant evidence based on a draconian application of pretrial rules' " and that " 'the trial court must strive to afford all parties their day in court and an opportunity to present all relevant evidence at trial' ").

Although we consider *Erskine* well-reasoned, we conclude that *Trattler* does not control for the reasons set forth below.

Unlike in *Trattler,* it is unclear whether the trial court here misinterpreted C.R.C.P. 37(c)(1) to require witness preclusion based on Dr. Clements' failure to disclose Dr. Chang's testimonial history. *See id.* at 678 ("Declaring that it was bound by the language of the rule, the [trial] court [incorrectly] concluded that Rule 37(c)(1) required that the experts be precluded from testifying at trial for violating Rule 26(a)(2)(B)(I)."); *see also Erskine,* 197 P.3d at 231 (trial court explained that "Rule 37 compels that the witness not be allowed to testify").

Further, in *Trattler* and *Erskine,* only the expert witness' testimonial history was not fully disclosed. *Trattler,* 182 P.3d at 677–78 (expert witness failed to provide four years of testimonial history); *Erskine,* 197 P.3d at 227 (defendants moved to strike plaintiff's

expert witness for incomplete disclosure of testimonial history). Thus, the *Trattler* majority concluded that preclusion of an expert witness for failure to provide testimonial history is a disproportionate sanction. 182 P.3d at 683. Here, Dr. Chang failed to provide his complete testimonial history *and* to produce materials on which he relied to form his opinions in the case.

Additionally, unlike in *Trattler*, the sanction of precluding Dr. Chang's testimony did not completely deprive Dr. Clements of the opportunity to present expert testimony as to the standard of care, the area for which Dr. Clements endorsed Dr. Chang. Because Dr. Clements herself was a podiatrist, she elected to serve as her own expert witness and offered an expert opinion as to the standard of care. Also, she presented expert testimony as to the standard of care from Dr. Lowell Weil.

Because the trial court's order was based in part on grounds other than failure to fully disclose Dr. Chang's testimonial history and because under the facts of this case the sanction of preclusion of the expert witness was not disproportionate, we conclude that *Trattler* does not require reversal.

### B. C.R.C.P. 26(a)(2)

■ C.R.C.P. 26(a)(2)(B)(I) requires a testifying expert to produce before trial a written report or summary which "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data and other information considered by the witness in forming the opinions."

■ If an opposing party "is to determine the extent to which the expert's opinion [is] shaped or influenced by the version of the facts selected and presented by the counsel retaining the expert, [that party] must have access to the documents or materials that the expert considers." *Gall v. Jamison,* 44 P.3d 233, 240 (Colo.2002)(concluding that C.R.C.P. 26(a)(2) allows discovery of attorney work product shared with testifying expert witness where expert considers the work product in forming an opinion). "Without such access, the opposing party will be unable to conduct a full and fair cross-examination of the expert." *Id.*

Here, Dr. Clements does not dispute that she failed to provide Dr. Chang's complete testimonial history. She also concedes that Dr. Chang was unable to produce his file containing the materials in support of his opinion at deposition. Nevertheless, she asserts that no court order required Dr. Chang to produce his file and that the pretrial orders were silent as to any requirement that expert witnesses produce their files at deposition. We are not persuaded.

■ Materials that are reviewed and considered by an expert witness in preparation for testimony at trial are discoverable under C.R.C.P. 26(a)(2). *Id.* at 239 (noting that cases construing C.R.C.P. 26(a)(2) favor production of any information that the expert considers). Thus, when Dr. Chang testified at deposition about his opinion regarding Dr. Davies' operative report, he was required to disclose the documents he considered.

■ The record does not reflect that Dr. Clements disclosed the information contained in Dr. Chang's file or provided the materials contained in the file. Without such information, Dr. Davies was unable to fully cross-examine him during the deposition or to adequately prepare for trial. Although the record indicates that Dr. Clements made disclosures as to Dr. Chang's opinions on August 1 and 3, 2006, the record does not include the actual disclosures, and therefore, it is unknown whether these disclosures included sufficient information to satisfy C.R.C.P. 26(a)(2). As the appellant, Dr. Clements is responsible for providing an adequate record to demonstrate her claims of error, and absent such a record, we must presume the evidence fully supports the trial court's ruling. *Scoular Co. v. Denney,* 151 P.3d 615, 617 (Colo.App.2006).

Accordingly, we conclude that the trial court did not abuse its discretion by precluding Dr. Chang's testimony since the court's order was based on both the failure to provide his prior testimony and the continuing failure to produce his file.

## III.  Rebuttal Expert Testimony

■  Dr. Clements next contends the trial court abused its discretion by refusing to allow another of her expert witnesses to rebut the testimony of two of Dr. Davies' experts concerning the necessity of a subsequent surgery.  We disagree.

A trial court has considerable discretion in ruling on the admissibility of evidence, and we will find an abuse of discretion only if its ruling is manifestly arbitrary, unreasonable, or unfair.  *Wark v. McClellan*, 68 P.3d 574, 578 (Colo.App.2003).

Here, in an attempt to correct the first surgery, Dr. Clements underwent a second surgery in June 2006 to elongate her metatarsal bone, which was performed by Dr. Mickey Stapp.  After that surgery, she continued to seek medical treatment and consultation about additional surgical procedures from a different podiatrist.

Prior to trial, Dr. Clements filed disclosures, endorsing Dr. Stapp as a subsequent treating physician who would testify concerning his evaluation, treatment, and surgery performed on Dr. Clements.

Dr. Davies submitted expert disclosures from two doctors regarding the surgery performed by Dr. Stapp, stating that, "[b]ased on the limited information regarding [Dr. Clements'] recent sesamoid release surgery and the planned toe and metatarsal surgery, the need for that [additional] treatment resulted from the unnecessary surgical over-lengthening of [her] first metatarsal in June 2006."  Dr. Clements requested the trial court limit their testimony and submitted rebuttal disclosures.

We disagree with Dr. Clements' contention that "Dr. Stapp couldn't explain why the surgery and the lengthening of the metatarsal were necessary because his opinions on these subjects were previously undisclosed."  To the contrary, the record shows that although the trial court admitted the opinions of Dr. Davies' expert doctors, it concluded that "Dr. Stapp can counter those opinions" and "discuss the condition of the foot when he saw it, the appropriateness and necessity of his treatment going forward and Dr[s].

Pressman and Griffiths' [Dr. Davies' experts] opinions regarding that."

Accordingly, we discern no abuse of discretion by the trial court.

## IV.  Trial Court Comments

■  Dr. Clements last contends that she was denied a fair trial because of comments made by the trial court.  We disagree.

■  The trial court judge has wide discretion in conducting a trial, but must exercise restraint over his or her conduct and statements to maintain an impartial forum.  *People v. Coria*, 937 P.2d 386, 391 (Colo. 1997).

■  To warrant reversal, more than mere speculation concerning the possibility of prejudice must be demonstrated.  *Id.* The test is whether the judge's conduct departed from the required impartiality to such an extent as to deny a litigant a fair trial.  *Id.*

■  The role of the trial court judge is to administer justice, control courtroom decorum, and ensure that the case is decided on the basis of relevant evidence and the proper inferences therefrom.  *Harris v. People*, 888 P.2d 259, 270 (Colo.1995).

■  Numerous statements by a judge during trial demonstrating irritation and intolerance could render a trial unfair, but comments which cause disappointment, discomfort, or embarrassment to counsel in the presence of the jury, without more, rarely constitute deprivation of a fair trial.  *Coria*, 937 P.2d at 391.

Here, Dr. Clements argues that an improper comment was made in the presence of the jury but she provides no record cites to support her contention.

The record shows that at trial during a bench conference Dr. Davies' attorney asked for a contempt citation for Dr. Clements. The trial court responded:

[Dr. Clements] has been instructed on multiple occasions to quit volunteering additional information, to simply answer the question that's asked.  I have done it outside the presence of the jury on a couple of occasions but yesterday late in front of the

jury [sic] that usually is less than enough. But if you can't control your client, I will.

After the jury was dismissed for the day, the trial court acknowledged Dr. Clements' "concern about the record on the contempt citation issue." The parties again discussed whether a contempt citation would be appropriate but nothing in the record indicates that the court imposed a citation.

Further, the record shows that although the trial court judge made comments about "starting to get very testy" and said, "We are all running out of patience," these remarks were made out of the presence of the jury.

Accordingly, we conclude that the comments and discussion about whether a contempt citation would be appropriate did not rise to the level of denying Dr. Clements a fair trial.

The judgment is affirmed.

Judge GRAHAM and Judge BERNARD concur.