24CA1264 Brown v Avery 10-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1264
Jefferson County District Court No. 22CV31511
Honorable Christopher C. Zenisek, Judge

Darcey Brown,

Plaintiff-Appellee,

v.

James Avery and Denver Injury Law, LLC d/b/a Avery Law Firm,

Defendants-Appellants.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE BROWN
Fox and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

Kilmer Lane, LLP, Thomas B. Kelley, Denver, Colorado; Achieve Law Group, LLC, Aaron A. Boschee, David Chandler Kelley, Denver, Colorado, for Plaintiff-Appellee

Denver Injury Law, LLC d/b/a Avery Law Firm, James Avery, Denver, Colorado, for Defendants-Appellants

¶ 1      Defendants, James Avery and Denver Injury Law, LLC, d/b/a Avery Law Firm (collectively, Avery), appeal the district court's judgment entered on a jury verdict in favor of plaintiff, Darcey Brown, on her claims for defamation, tortious interference with contract, and exemplary damages.  We affirm.

## I.      Background

¶ 2      This matter arose from allegations levied by Avery's former client (client) against Colorado Academy (CA) and a number of its faculty and staff, including Brown.  In a 2016 letter to CA's Head of School, client accused a CA faculty member of sexually assaulting her in 1977 while she was on CA's campus and when participating in a private "Grand Canyon River trip."  Client never alleged that Brown was present for, or involved in, either incident.  Instead, client alleged that Brown introduced her to the assailant and provided him "access to a house where he groomed and solicited sex from" client, who was then a minor.

¶ 3      In 2019, even though any legal claim client had against CA was then time-barred, after Avery threatened CA with adverse publicity, CA offered to pay client for a comprehensive release of all claims against CA and all current and former CA employees, save

1

for the specific employee accused of assaulting her. Eventually, client and CA executed a settlement agreement under which CA paid client $25,000 in exchange for the release, which included all claims client "might wish to bring . . . in the future . . . even if . . . any statute of limitations . . . is changed at any time in the future."

¶ 4 In 2021, the Colorado legislature enacted the Colorado Child Sexual Abuse Accountability Act (CCSAA), C.R.S. §§ 13-20-1201 to -1207, C.R.S. 2025.[1] Under the CCSAA, "[a] person who is a victim of sexual misconduct that occurred when the victim was a minor may bring a civil action for damages" against "[a]n actor who committed the sexual misconduct" or a "managing organization that knew or should have known that an actor or youth-related activity or program posed a risk of sexual misconduct." § 13-20-1202(1)(a), (b).

¶ 5 In January 2022, invoking the CCSAA, Avery filed a complaint on behalf of client against CA and various defendants, including Brown. On the same day, Avery issued a press release to various

---

[1] Certain provisions of the CCSAA have been declared unconstitutional, *see Aurora Pub. Schs. v. A.S.*, 2023 CO 39, ¶¶ 53-55, but we need not apply the statute to resolve this appeal.

2

news outlets describing the complaint and listing each defendant by name. In the press release, Avery reported that client had been "serially raped" during a "Grand Canyon River trip supervised by the other adults" and "with the knowledge and consent of the other adult chaperones." Despite expressly conceding in the complaint that Brown did not chaperone the "Grand Canyon River trip," the press release did not clarify that Brown was not one of the "other adults" who allegedly supervised and consented to client's rape.

¶ 6 Brown moved to dismiss client's claims against her under C.R.C.P. 12(b)(5) for failure to state a claim. In granting the motion, the district court reasoned that "there is no instance in which [Brown] is alleged to have been an 'actor' who committed sexual misconduct as defined in § 13-20-1201(1)."

¶ 7 In December 2022, Brown sued Avery, claiming that his press release was defamatory and that he tortiously interfered with the settlement agreement between client and CA.[2] Brown later moved and was granted leave to amend her complaint to add a claim for exemplary damages based on Avery's ongoing display of the

---

[2] Brown's complaint initially named client as a defendant, but she was dismissed from the case before the jury deliberated.

defamatory press release on his law firm's website.  The case proceeded to a jury trial in May 2024.  The jury returned a verdict for Brown on all claims and awarded her $125,000 in damages.  The district court entered judgment in accordance with the verdict.

## II.    Analysis

¶ 8      As best we understand, Avery contends that the district court erred by (1) denying his C.R.C.P. 56(h) motion for determination of a question of law that he was entitled to absolute immunity under the litigation privilege; (2) rejecting his proposed jury instruction on the affirmative defense of qualified immunity; (3) allowing the jury to consider the tortious interference with contract claim; and (4) allowing the jury to award exemplary damages.

¶ 9      Preservation is a threshold question; in civil cases, we do not address contentions that have been insufficiently preserved.  *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 22.  An issue is preserved for appeal when it is brought to the trial court's attention, and the court has an opportunity to rule on it.  *In re Marriage of Turilli*, 2021 COA 151, ¶ 12.  To help us determine whether an issue is preserved, appellants must state in their opening brief "whether the issue was

preserved, and if preserved, the precise location in the record where the issue was raised and where the court ruled." C.A.R. 28(a)(7)(A).

¶ 10　Appellants must also provide "an adequate record to demonstrate [their] claims of error, and absent such a record, we must presume the evidence fully supports the trial court's ruling." *Clements v. Davies*, 217 P.3d 912, 916 (Colo. App. 2009). To this end, appellants "must include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3).

¶ 11　Avery failed to demonstrate that his appellate contentions are preserved, timely designate necessary transcripts,[3] and otherwise substantially comply with the Colorado Appellate Rules. *See* C.A.R. 10(d)(3); C.A.R. 28 (detailing what must be contained in an opening brief). These failures preclude our meaningful review. *See* *Clements*, 217 P.3d at 916; *Castillo v. Koppes-Conway*, 148 P.3d 289, 291-92 (Colo. App. 2006) (declining to review trial court's order

---

[3] Avery moved to supplement the appellate record with trial transcripts on December 2, 2024, but this court denied Avery's motion because he "[did] not establish good cause for failing to comply with C.A.R. 10(d)." *Brown v. Avery*, (Colo. App. No. 24CA1264, Dec. 16, 2024) (unpublished order).

due to appellant's failure to comply with appellate rules). Consequently, we affirm the district court's judgment.

## A.    Absolute Immunity

¶ 12    Avery contends that the district court erred by denying his C.R.C.P. 56(h) motion for determination of a question of law that he was entitled to absolute immunity to make defamatory statements about Brown under the litigation privilege. We conclude that Avery failed to preserve this contention and that his failure to designate the trial transcript requires that we presume it supports the court's judgment.

¶ 13    As evidence of preservation, Avery points us to (1) his answer to Brown's complaint and the trial management order, where he listed "absolute and qualified privilege" as an affirmative defense; (2) a written C.R.C.P. 56(h) motion for determination of a question of law that he was entitled to absolute immunity under the litigation privilege; and (3) a minute order reflecting that the court denied a C.R.C.P. 56(h) motion during trial. But mentioning an issue in an answer or trial management order alone does not preserve it for appeal because these filings neither request nor receive a ruling from the district court. *See Littlefield v. Bamberger*, 32 P.3d 615,

620 (Colo. App. 2001); *Highland Meadow Ests. at Castle Peak Ranch, Inc. v. Buick*, 994 P.2d 459, 462 (Colo. App. 1999), *aff'd in part and rev'd in part on other grounds*, 21 P.3d 860 (Colo. 2001).

¶ 14    It is also unclear whether the court considered Avery's written C.R.C.P. 56(h) motion. Avery appears to have filed the motion the night before trial, but he says the filing was rejected. And although he filed a copy of the motion after trial, that filing is not in our record; instead, Avery submitted it as an unauthorized appendix to his opening brief. "Because our review is limited to the record on appeal, we will not consider documents attached to the . . . brief[s] that are not found in the record." *McLellan v. Colo. Dep't of Hum. Servs.*, 2022 COA 7, ¶ 27. The record does not indicate that the court considered the arguments in, let alone ruled on, Avery's *written* motion, so it cannot serve as evidence of preservation.[4] *See Turilli*, ¶ 12.

---

[4] Three months after the court entered final judgment, Avery refiled the C.R.C.P. 56(h) motion in an effort to include it as part of the record for appeal. But that filing does not establish that the district court reviewed the written motion before it ruled that Avery was not entitled to absolute immunity.

¶ 15    Moreover, because Avery failed to provide transcripts of the trial proceedings, he failed to establish that he preserved the issue at trial.  Avery points us to a minute order entered by the clerk on the second day of trial reflecting that the court "addresse[d] def Avery's motion re immunity" and "denie[d] def Avery's 56h motion re immunity."  True, the minute order provides evidence that the court ruled on a C.R.C.P. 56(h) motion "re immunity."  But without a transcript, we have no way to know what arguments Avery made in support of the motion or why the court denied it.

¶ 16    In his reply brief, without citing any relevant authority, Avery argues that "[a] transcript is simply not necessary" for issues that we review de novo because the "[a]pplication of the law to [undisputed] facts . . . is not dependent on the trial proceeding" and "the reasoning of the [t]rial [c]ourt is" not germane to this court's review.  While we generally do not address arguments raised for the first time in a reply brief, *Saint John's Church in Wilderness v. Scott*, 2012 COA 72, ¶ 9 n.3, we nevertheless reject Avery's suggestion that we need not concern ourselves with how the issue was presented or resolved in the district court when we review issues de novo.  "[W]e are a court of review, not of first view."  *Doe v.*

*Wellbridge Club Mgmt. LLC*, 2022 COA 137, ¶ 31; *see Minto v. Lambert*, 870 P.2d 572, 575 (Colo. App. 1993) (the rule that "issues raised in the pleadings but not presented at trial will not serve as a basis for review . . . derives from the fact that an appellate court is a forum for review"). To determine whether an error occurred under any standard of review, we must consider the parties' arguments and the court's reasoning. We are unable to do so here.

¶ 17    Avery failed to sufficiently preserve his contention concerning the application of absolute immunity under the litigation privilege, *see Rinker*, ¶ 22, and absent a transcript, we must presume the record supports the court's ruling, *see Clements*, 217 P.3d at 916.

## B.    Qualified Immunity

¶ 18    Avery contends that the district court erred by refusing his proposed jury instruction concerning the affirmative defense of qualified immunity. We conclude that Avery failed to preserve this contention and that his failure to comply with the Colorado Appellate Rules precludes our meaningful review.

¶ 19    As evidence of preservation, Avery directs us to his answer, his trial brief, and the trial management order. As noted, these

documents are insufficient to preserve an issue for appeal. *See Littlefield*, 32 P.3d at 620; *Highland Meadow Ests.*, 994 P.2d at 462.

¶ 20 Avery also points us to several documents that he attached as an unauthorized appendix to his appellate briefs — including a copy of the proposed jury instruction and an email to the court clerk purporting to submit the proposed jury instruction before trial. Again, we will not consider documents attached to the briefs that are not part of the record. *McLellan*, ¶ 27. But even if the documents in the appendix could serve as evidence that Avery submitted a proposed instruction, we still do not know what arguments Avery made to support it or why the court declined to give it because Avery failed to provide us with a trial transcript. *See People v. Robles-Sierra*, 2018 COA 28, ¶ 50 (we review a trial court's decision whether to instruct the jury on a matter of law for an abuse of discretion).

¶ 21 Avery failed to sufficiently preserve his contention that the court erred by denying his tendered jury instruction on qualified immunity, *see Rinker*, ¶ 22, and in the absence of a transcript, we must presume that the record supports the court's ruling, *see Clements*, 217 P.3d at 916.

¶ 22    Moreover, even assuming Avery had properly preserved this issue for appellate review, he failed to cite the relevant authorities and parts of the record on which he bases his argument.  C.A.R. 28(a)(7)(B) (Arguments "must contain . . . a clear and concise discussion of the grounds upon which the party relies in seeking a reversal or modification of the . . . rulings of the lower court or tribunal, with citations to the authorities and parts of the record on which the appellant relies.").  While Avery cited authority for the broad principle that a party is entitled to a jury instruction when it is supported by the evidence and consistent with the law, *see Melton v. Larrabee*, 832 P.2d 1069, 1072 (Colo. App. 1992), he failed to cite any authority addressing qualified immunity or explain how the court erred by refusing his proposed instruction under that authority.  Thus, we also decline to address Avery's contention based on his failure to comply with the appellate rules.  *See* C.A.R. 38(a) (authorizing the appellate court to dismiss an appeal or impose other appropriate sanctions for a party's failure to comply with the appellate rules); *Castillo*, 148 P.3d at 291.

11

## C. Tortious Interference with Contract

¶ 23    As best we understand, Avery contends that the district court erred by either (1) instructing the jury on Brown's claim for tortious interference with contract or (2) failing to rule as a matter of law on his affirmative defense that the contract with which he interfered (the settlement agreement) was void. We decline to address Avery's contentions due to his failure to demonstrate preservation, provide the necessary transcripts, and comply with C.A.R. 28.

¶ 24    First, as evidence of preservation, Avery points us to his answer, trial brief, and the trial management order. For the reasons we have articulated, these documents do not demonstrate preservation. *See Littlefield*, 32 P.3d at 620; *Highland Meadow Ests.*, 994 P.2d at 462.

¶ 25    Avery also claims that he "objected to jury instructions," but the location he cites in the record shows only that Brown's proposed tortious interference instruction was "objected to" by "one or more of the defendants." It does not show which defendant objected (client was still a defendant at that time) or what the grounds were for the objection. And without a transcript, we do not know whether Avery raised an objection to the instruction at trial or

why the court overruled any such objection. But we note that the proposed instruction to which Avery points us, claiming that he objected, is *not* the same instruction the court actually gave the jury. We conclude that Avery failed to preserve this contention. *See Turilli*, ¶ 12.

¶ 26     Second, Avery essentially requests that we determine whether the trial evidence was sufficient to allow the jury to consider the tortious interference claim, but he provides us with no transcript and thus no way to assess the evidence. *See* C.A.R. 10(d)(3); *Clements*, 217 P.3d at 916. To the extent Avery argues that the court erred as a matter of law by not considering Avery's contract defense, our review is similarly stunted. Absent a record of what arguments Avery made at trial, or what evidence he introduced to support those arguments, we must presume the record supports the court's decision to allow the jury to consider this claim. *See Clements*, 217 P.3d at 916.

¶ 27     Finally, the relevant portions of Avery's opening brief on this issue do not contain a single citation to the record or to authority supporting his argument that the district court reversibly erred. Because of Avery's wholesale lack of compliance with the appellate

rules, we decline to review his contention further.  *See* C.A.R. 28(a)(7)(B), 38(a); *Castillo,* 148 P.3d at 291.

### D.    Exemplary Damages

¶ 28    As best we understand, Avery contends that the district court erred by either (1) granting Brown's motion to amend her complaint to include a claim for exemplary damages or (2) instructing the jury on Brown's claim for exemplary damages.  We decline to address Avery's contentions due to his failure to comply with C.A.R. 10 and 28.  *Castillo,* 148 P.3d at 291.

¶ 29    To the extent Avery contends that the court erred by granting Brown's motion to amend her complaint to add a claim of exemplary damages, the contention is undeveloped and unsupported, and we decline to review it.  Although Avery finally provides us a record citation reflecting the court's ruling — pointing us to the court's order granting Brown's motion to amend — his argument consists only of a bald assertion that "the press release was not defamatory on its face," wholly unsupported by any citation to authority.  *See* C.A.R. 28(a)(7)(B), 38(a); *Am. Fam. Mut. Ins. Co. v. Am. Nat'l Prop. & Cas. Co.,* 2015 COA 135, ¶ 42 (we do not consider

contentions that "lack[] legal argument and development"); *Castillo*, 148 P.3d at 291.

¶ 30    To the extent Avery asks us to determine whether the evidence was sufficient to allow the jury to consider whether Brown was entitled to exemplary damages, we must review the trial transcript. Because we do not have it, we must presume the record supports the court's ruling. *See* C.A.R. 10(d)(3); *Clements*, 217 P.3d at 916.

### III.    Appellate Attorney Fees and Costs

¶ 31    We grant Brown's request for appellate attorney fees and costs pursuant to C.A.R. 38(b) and section 13-17-102, C.R.S. 2025. Under C.A.R. 38(b), we may award damages, including attorney fees and costs, if we determine that an appeal is frivolous. Similarly, under section 13-17-102(4), a court "shall assess attorney fees" against a party who brought an action "that lacked substantial justification." An action lacks substantial justification when it is "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-101.5(1), C.R.S. 2025.

¶ 32    An appeal may be frivolous as filed or as argued. *Calvert v. Mayberry*, 2019 CO 23, ¶ 45. As relevant here, an appeal is frivolous as argued "when the appellant's briefs fail to set forth, in a

15

manner consistent with C.A.R. 28, a coherent assertion of error, supported by legal authority." *Castillo*, 148 P.3d at 292.

¶ 33 Avery's appeal is frivolous as argued because his failure to designate transcripts precludes any meaningful review and his failure to include adequate citations to the record or to supporting authorities reflects a complete disregard of the Colorado Appellate Rules. "The appeal has burdened the judicial system and interfered with the effective administration of justice." *Id.*

¶ 34 Thus, we conclude that an award of appellate attorney fees and costs in favor of Brown is warranted under C.A.R. 38(b) and section 13-17-102(4). Because the district court is better situated to determine the amount of reasonable attorney fees and costs incurred in defending this appeal, we exercise our discretion to remand the case for further proceedings on this issue. *See* C.A.R. 39.1; *Stauffer v. Stegemann*, 165 P.3d 713, 719 (Colo. App. 2006).

## IV. Disposition

¶ 35 We affirm the judgment and remand the case for the district court to determine and award Brown her appellate attorney fees and costs.

JUDGE FOX and JUDGE MEIRINK concur.