The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Clarence P. FARBES, Defendant–
Appellant.

No. 97CA0016.

Colorado Court of Appeals,
Div. V.

Sept. 3, 1998.

Rehearing Denied Oct. 1, 1998.

Certiorari Denied March 22, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, A. William Bonner, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Clarence P. Farbes, appeals a judgment of conviction entered on a jury verdict finding him guilty of first degree assault. He also challenges the sentence imposed. We affirm.

In January 1996, defendant and a companion confronted a man whom they believed was trying to steal their laundry basket filled with clothes. During the altercation that followed, the man was beaten with an anti-theft steering wheel bar and sustained severe head injuries.

At the conclusion of the trial, the jury found defendant guilty of first degree assault, but also found that the crime was committed upon a heat of passion caused by a highly provoking act by the victim. Concluding that the mandatory sentence enhancement factors of crime of violence and extraordinary risk of harm were applicable to defendant's conviction, the trial court imposed the maximum aggravated sentence of eight years.

## I.

Defendant contends that the prosecutor purposely excluded African–Americans from the jury based on racial considerations, and that the trial court erred in concluding that the prosecutor's acts did not violate defendant's right to equal protection. We find no error.

The equal protection clause prohibits a prosecutor from using peremptory challenges to strike potential jurors from the panel on the basis of race. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90

L.Ed.2d 69 (1986). Our supreme court has held that peremptory challenges based on race also violate a defendant's right to an impartial jury under the Colorado constitution. *Fields v. People,* 732 P.2d 1145 (Colo. 1987).

A presumption exists that peremptory challenges are exercised in a constitutionally permissible manner. Under *Batson,* this presumption may be rebutted. In order to rebut the presumption, the defendant is required, first, to make a prima facie showing that the prosecutor has excluded potential jurors based solely on their race. If a prima facie showing is made, the burden then shifts to the prosecution to articulate a race-neutral explanation for excluding the juror or jurors in question. Finally, if the prosecution proffers a race-neutral explanation for the removal of the juror, the trial court must give the defendant the opportunity to establish that the peremptory challenge was based on purposeful racial discrimination. The trial court must then determine whether the defendant has proved purposeful discrimination. *Batson v. Kentucky, supra; People v. Marion,* 941 P.2d 287 (Colo.App.1996).

A defendant may establish a prima facie case of purposeful racial discrimination by showing that the prosecutor exercised peremptory challenges to remove a member of a cognizable racial group from the venire, and that the facts and relevant circumstances support an inference that the prosecutor sought to exclude a venire member on account of race. *People v. Gardenhire,* 903 P.2d 1165, 1170 (Colo.App.1995).

One indicator of purposeful discrimination is substantial underrepresentation of members of a cognizable racial group on the jury. *People v. Cerrone,* 854 P.2d 178 (Colo.1993). Other facts and circumstances indicating a strong likelihood of improper discriminatory exclusion include: (1) removal from the venire of all or most of the members of the identified group; (2) a disproportionate number of challenges to members of the identified group; (3) the removal of individuals who share only one characteristic, which is their membership in the identified group; and (4) abbreviated or desultory voir dire of members of the identified group. *Fields v. People, supra.*

Since the issue of whether the prosecutor engaged in purposeful discrimination largely turns on evaluating credibility, a reviewing court should afford deference to a trial court's determination of the issue. *People v. Gardenhire, supra.*

The record in this case supports the trial court's determination that the defendant failed to make a prima facie showing of purposeful racial discrimination in the selection of the jury. The prosecutor exercised her second and third peremptory challenges to remove an African–American man and an African–American woman from the jury. However, the record shows that there were five African–Americans called to the courtroom as part of the initial jury panel, and that three of those five individuals were seated as jurors in this case. Further, the prosecutor's voir dire of the two excused jurors was not desultory or abbreviated; rather, it was calculated to, and did, elicit statements from the jurors which shed light on their ability to be fair and impartial.

After initially ruling that defendant had failed to make a prima facie showing of purposeful racial discrimination, the trial court permitted the prosecutor to state for the record her reasons for the two peremptory challenges. In view of our conclusion that the trial court's initial ruling was correct, we need not address defendant's claim that the prosecutor's race-neutral explanations for the removal of the jurors were pretextual. However, we note that, contrary to defendant's argument, permitting the prosecutor to put her explanations on the record did not render the prima facie showing issue moot, since the trial court at that point had already ruled that defendant had failed to make the requisite prima facie showing. *See People v. Valdez,* 946 P.2d 491 (Colo.App.1997) (*cert. granted* November 24, 1997).

## II.

Defendant also contends that the court erred in imposing an aggravated range sentence based on the crime of violence statute, §16–11–309, C.R.S.1997. We disagree.

## A.

We initially reject defendant's contention that the crime of violence sentencing provision does not apply when a jury has found that first degree assault was committed under heat of passion.

The first degree assault statute, § 18–3–202, C.R.S.1997, consists of two subsections. Subsection (1) sets forth the actual elements of the offense and describes several different ways in which the offense can be committed. Subsection (2) discusses the appropriate penalties.

Subsection (2) of § 18–3–202 provides in pertinent part:

(a) If assault in the first degree is committed under circumstances where the act causing the injury is performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, and without an interval between the provocation and the injury sufficient for the voice of reason and humanity to be heard, it is a class 5 felony.

(b) If assault in the first degree is committed without the circumstances provided in paragraph (a) of the subsection (2), it is a class 3 felony.

(c) If a defendant is convicted of assault in the first degree pursuant to paragraph (a), (c), (e), (e.5), or (f), of subsection (1) of this section, the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S.

The statute in effect in January 1996, when the offense in this case was committed, did not differ from the current statute in any respect material to the issue presented here.

In cases requiring statutory interpretation, our task is to ascertain and give effect to the intent of the General Assembly. Constructions that defeat the legislative intent are to be avoided. To determine legislative intent, we look first to the statutory language. *People v. Terry,* 791 P.2d 374 (Colo.1990).

Defendant was convicted of first degree assault pursuant to paragraph (a) of subsection (1) of §18–3–202, which describes assault by means of a deadly weapon. Subsection (2)(c) of §18–3–202 states that if a defendant is convicted of first degree assault pursuant to paragraph (a) of subsection (1), "the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S."

This language unambiguously requires sentencing in accordance with the crime of violence statute if a person is convicted of first degree assault under § 18–3–202(1)(a). It makes no exception for cases where, as here, the conviction is accompanied by a finding that the § 18–3–202(2)(a) mitigating factor of heat of passion was present. We decline to read such an exception into the unambiguous statutory language.

In *Rowe v. People,* 856 P.2d 486 (Colo. 1993), the supreme court concluded that the General Assembly did not intend to create a new and separate offense of "first-degree assault committed under heat of passion" when it added subsection (2)(a) to the first degree assault statute in 1979. Rather, the purpose of the amendment was to address constitutional concerns that had arisen under the previous statutory scheme by ensuring that a person who committed first degree assault under heat of passion would not receive a greater punishment than a person who committed a homicide under heat of passion.

That purpose was accomplished by reducing the class of felony for heat of passion assaults from class three to class five. *See* §§ 18–3–202(2)(a) and 18–3–202(2)(b). It was not necessary for the General Assembly to go further and state that the crime of violence statute was not applicable to assaults committed under heat of passion; and the General Assembly in fact did not add any such exception to the language of § 18–3–202(2)(c).

Here, defendant received the benefit of the jury's heat of passion finding, in that the trial court started with the presumptive sentencing range for class five felonies, rather than the lengthier range for class three felonies, when it calculated the term that would be required for a crime of violence involving an

extraordinary risk of harm. The trial court's sentence was consistent with the express requirements of § 18–3–202(2)(c), and properly recognized that defendant's first degree assault was still a crime of violence and punishable as such, even though committed under heat of passion.

### B.

■ Defendant also argues that he could not be sentenced under the crime of violence provisions because he was never charged with or convicted of a crime of violence, contrary to the requirements set forth in §§ 16–11–309(4) and 16–11–309(5), C.R.S. 1997, for application of the statute. We conclude that *People v. Terry, supra,* is dispositive of defendant's claim.

In *Terry,* the supreme court held that if a substantive criminal statute expressly requires that a defendant be sentenced in accordance with § 16–11–309, that statutory mandate is to be followed, even if the requirements of §§ 16–11–309(4) and 16–11–309(5) have not been met.

Accordingly, because the substantive statute here, § 18–3–202(2)(c), required sentencing in accordance with § 16–11–309, the trial court did not err in following the statutory mandate even though the defendant was not separately charged with or convicted of a crime of violence.

The judgment and sentence are affirmed.

Judge ROTHENBERG and Judge STERNBERG* concur.