2014 COA 115

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Afrow Spade STIDHAM, Defendant-Appellant.**

Court of Appeals No. 12CA0016

Colorado Court of Appeals,
Div. V.

Announced September 11, 2014

John W. Suthers, Attorney General, Katherine A. Aidala, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Karen Mahlman Gerash, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

Opinion by JUDGE ASHBY

¶ 1 Defendant, Afrow Spade Stidham, appeals the sentence entered on judgments of conviction for multiple sex offenses and the district court's determination that he is a habitual criminal. He argues that the court erred by denying (1) his motion to continue so that he could be represented by his counsel of choice at the most recent sentencing hearing and (2) his request for an extended proportionality review of his sentence. As a matter of first impression, we consider how the Sixth Amendment right to counsel of choice applies to a defendant's request to be represented by an individual attorney who is part of a law firm where defendant originally retained either (1) a different individual attorney within the same law firm, or (2) the law firm itself. Because we are unable to determine on the record before us whether the court should have continued the most recent sentencing hearing, we remand for further proceedings and do not decide whether Stidham was entitled to an extended proportionality review of his sentence.

## I. Background

¶ 2 At trial, a jury found Stidham guilty of multiple sex offenses involving three minor children. The district court convicted him, adjudicated him a habitual criminal based on various prior convictions, and sentenced him to forty-eight years to life in the custody of the Department of Corrections.

¶ 3 Stidham appealed the judgments of conviction and the sentence. A division of this court affirmed the convictions but vacated the sentence and remanded for resentencing.

¶ 4 At the resentencing hearing, attorney R.T., an associate in the firm of S. & S., P.C. (the firm), appeared as counsel for Stidham. At the beginning of the hearing, Stidham objected to being represented by R.T., claiming that attorney H.S. (a partner in the firm) was his lawyer and that he had not agreed to be represented by anyone else from the firm. The district court indicated that it had scheduled the hearing on H.S.'s calendar and expected H.S. to appear at the hearing. The court asked R.T. to contact H.S. to advise him that he was expected to appear. R.T. stepped out of the courtroom to do so, and when he returned, stated that he had spoken to H.S. and that H.S. was out of town and unavailable. R.T. also stated that according to H.S., Stidham had retained the firm, not H.S. personally, and H.S. consented to R.T. representing Stidham at the hearing. Stidham, however, maintained that he had not agreed to be represented by anyone other than H.S. at the resentencing hearing.

¶ 5 The district court noted that (1) it had not received a formal entry of appearance on behalf of Stidham and could not determine whether Stidham had hired the firm, or an individual attorney within the firm (H.S.), to represent him at the resentencing hearing; (2) R.T. was an associate of the firm; (3) Stidham had been previously represented on appeal by another of the firm's attorneys; and (4) the victims' family was present. Therefore, the district court denied any request for a continuance based on H.S.'s absence. The resentencing hearing proceeded, and the district court ultimately imposed the same forty-eight years to life sentence and denied Stidham's request for an extended proportionality review.

## II. Counsel of Choice

■ ¶ 6 The Sixth Amendment provides that a defendant in a criminal prosecution has the right to the assistance of counsel. U.S. Const. amend. VI. This right exists at a sentencing hearing. *People v. Wallin,* 167 P.3d 183, 190 (Colo.App.2007).

■ ¶ 7 A defendant who does not request appointment of counsel has the right to choose who will represent him. *United States v. Gonzalez–Lopez,* 548 U.S. 140, 144, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). This constitutional right exists to preserve the defendant's ability to choose a lawyer who he wants and trusts regardless of how effective that lawyer may be. *Id.* at 147–48, 126 S.Ct. 2557. And, a violation of a defendant's right to counsel of choice does not require a showing of prejudice. *Id.* at 146, 126 S.Ct. 2557.

■ ¶ 8 However, a defendant's right to non-appointed counsel of choice is not absolute. *See Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Instead, a court must balance this right against "the public's interest in maintaining the integrity of the judicial process," among other things. *People v. Maestas,* 199 P.3d 713, 717 (Colo.2009).

¶ 9 Initially, we address the People's argument that Stidham's Sixth Amendment right to counsel of his choice was not implicated here because H.S., Stidham's counsel of choice, delegated representation to his associate, R.T. According to the People, a defendant's dissatisfaction with such a delegation is an attorney-client matter, not a Sixth Amendment issue. However, we are aware of no Colorado authority, nor any published authority from any other jurisdiction, supporting this argument and the People cite none. The People's argument assumes that retention of an individual attorney necessarily constitutes retention of the attorney's law firm and that a defendant has no basis to complain if any attorney from the firm appears on his behalf. We are not persuaded that such an assumption is consistent with the Sixth Amendment.

■ ¶ 10 We recognize that the Sixth Amendment right to counsel of choice is most often implicated when a defendant hires an individual attorney or firm and later seeks to retain a different attorney or firm. However, the scope of the right is not limited to this most common circumstance. The Sixth Amendment right is more broadly described as providing a defendant "a fair opportunity to secure counsel of his own choice." *Powell*

*v. State of Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Accordingly, the right is also implicated when a defendant has hired a law firm and then wants to be represented by only a particular attorney within that firm. In both circumstances, the defendant asserts his choice of the specific retained lawyer he wants and trusts to represent him. Stidham may therefore assert his Sixth Amendment right to be represented by H.S. personally even if he hired the firm.

¶ 11 Although we conclude that precisely who Stidham hired had no impact on *whether* the Sixth Amendment right to counsel of choice was implicated, who Stidham hired did have an impact on *how* the district court should have determined whether to honor that choice by continuing the hearing.

¶ 12 Our supreme court recently articulated eleven factors that courts must consider and make a record of when determining whether to grant a motion to continue so that a defendant may change attorneys:

1. the defendant's actions surrounding the request and apparent motive for making the request;

2. the availability of chosen counsel;

3. the length of continuance necessary to accommodate chosen counsel;

4. the potential prejudice of a delay to the prosecution beyond mere inconvenience;

5. the inconvenience to witnesses;

6. the age of the case, both in the judicial system and from the date of the offense;

7. the number of continuances already granted in the case;

8. the timing of the request to continue;

9. the impact of the continuance on the court's docket;

10. the victim's position, if the victims' rights act applies; and

11. any other case-specific factors necessitating or weighing against further delay.

*People v. Brown,* 2014 CO 25, ¶ 24, 322 P.3d 214.

¶ 13 The supreme court established this test specifically to address circumstances in which a defendant has retained or agreed to be represented by an attorney or firm, and seeks to be represented by a different attorney or firm. Therefore, this test applies where (1) defendant has hired an individual attorney and seeks to be represented by a different individual attorney, even if the attorneys are within the same firm; and (2) defendant has hired a firm and seeks to be represented by an individual attorney within that firm.

¶ 14 The *Brown* factors attempt to appropriately balance the court's interest in the efficiency and integrity of the judicial process against the defendant's right to exercise his Sixth Amendment right to *change* counsel. In contrast, it is also possible that a defendant will assert his Sixth Amendment right to counsel of choice not to change counsel, but to effectuate representation by the specific attorney or firm that he has chosen and retained but has failed to appear. In this situation, *Brown* is inapplicable. To conclude otherwise would fail to recognize a defendant's right to counsel of choice generally. At stake is not merely a constitutional right to contract with counsel of choice, but the concurrent right to representation by that counsel of choice. Therefore, if a defendant's chosen retained counsel simply fails to appear, through no fault of the defendant, instead of applying the factors from *Brown,* a court should grant a continuance and reset the matter such that the defendant may be represented by his chosen retained counsel.[1]

¶ 15 It was unclear to the district court, and it is consequently still unclear to us from the record provided, whether Stidham hired H.S. personally or the firm (including H.S. and R.T.). Therefore, we remand to the district court to resolve this issue.

¶ 16 If Stidham hired H.S. personally, the court should have granted the motion to continue and will need to vacate the current sentence and set a resentencing hearing at

---

1. This holding is limited to the facts presented here. We do not address whether there may be circumstances, such as repeated failures to appear by counsel, or a failure to appear in addition to other behavior by the defendant or counsel, which may require the court to exercise its discretion to limit defendant's counsel of choice.

which H.S., or Stidham's current or retained counsel, can appear.

¶ 17 If Stidham hired the firm, then the court should apply the *Brown* factors to determine whether it should have continued the resentencing hearing to allow Stidham to be represented by H.S. rather than the firm in the person of R.T. If the district court determines that it should have continued the hearing pursuant to *Brown*, it should, as above, vacate the sentence and reset the resentencing hearing. The supreme court made clear in *Brown* that if a court fails to make a record of each factor, the appellate court cannot review the ruling on the motion and must remand for the court to make such a record. *See id.* at ¶ 25 (eleven factor test "requires that the trial court consider [the] factors and make a sufficient record that it conducted the appropriate balancing test"), ¶ 28 (remanding because "[a]lthough the record contains some of the information for evaluating whether the trial court abused its discretion in denying the continuance, the record lacks information about other factors that the court should have considered when making its decision"), ¶ 32 (Márquez, J., dissenting) (majority's test "requires trial courts not only to consider a list of at least ten specific factors, but also requires trial courts to 'make a sufficient record' of such factors or risk remand years after the fact to make additional findings about the circumstances that existed at the time the continuance was denied"). Although the district court did not have the benefit of *Brown* when it ruled on the continuance request, pursuant to *Brown* we must nevertheless remand for its application.

¶ 18 Because we are unable to determine whether the district court erred by denying Stidham's request for a continuance at the outset of the resentencing hearing, we do not address whether the court erred by denying Stidham's request for an extended proportionality review during the hearing.

¶ 19 The order is reversed and the case is remanded with directions to the district court to determine whether Stidham hired the firm or H.S. individually, and conduct further proceedings consistent with this opinion.

JUDGE HAWTHORNE and JUDGE J. JONES concur.