The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
March 18, 2021

## 2021COA35

## No. 17CA1133, *People v. Rainey* — Constitutional Law — Sixth Amendment — Right to Counsel

The defendant in this criminal case requested a continuance so that he could continue to be represented by his appointed counsel who could not appear on the scheduled trial date.  The district court, relying primarily on scheduling issues, denied the request, and the defendant proceeded to trial with new, substitute counsel.  On appeal, he argued that the district court's denial of his continuance request violated his Sixth Amendment right to continued representation by his counsel.

A division of the court of appeals holds that because indigent defendants have a constitutional right to continued representation by appointed counsel, the district court must apply the factors enumerated in *People v. Brown*, 2014 CO 25, when the defendant

seeks a continuance to enable him to continue the representation by his appointed counsel.  Because the district court did not apply the *Brown* factors, the division reverses the judgment and remands for further proceedings.

COLORADO COURT OF APPEALS                                    **2021COA35**

Court of Appeals No. 17CA1133
El Paso County District Court No. 16CR3477
Honorable Robin Chittum, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Robert James Rainey,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE HARRIS
Johnson and Vogt*, JJ., concur

Announced March 18, 2021

Philip J. Weiser, Attorney General, Kevin E. McReynolds, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Brian Sedaka, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2020.

¶ 1      Defendant, Robert James Rainey, appeals the judgment of conviction entered on jury verdicts finding him guilty of second degree kidnapping and criminal mischief.

¶ 2      On appeal, one claim is potentially dispositive.  Rainey contends that the district court violated his Sixth Amendment right to continued representation when it denied a continuance on grounds of judicial efficiency, thereby forcing him to proceed with a different public defender.  We conclude that the district court applied the wrong legal standard in considering the motion to continue, and we therefore reverse and remand for further findings.

I.  Background

¶ 3      Rainey was charged with second degree kidnapping, a felony, and several misdemeanor domestic violence offenses following an altercation with the victim.  The district court appointed counsel to represent him.

¶ 4      Trial was originally scheduled to begin January 9, 2017, but was thereafter delayed and continued multiple times for reasons not attributable to the defense:

- The court delayed trial to January 10 because a storm had damaged the courthouse.

- On January 10, the prosecution moved for a continuance because the victim failed to appear. Over Rainey's objection, the court granted the continuance and rescheduled trial for February 2.

- The jury commissioner did not have enough jurors available on February 2, so the court continued the case to February 23.

- On February 23, the prosecution moved for a second continuance because one of its witnesses was unavailable. The court granted the continuance (again, over Rainey's objection) and reset trial for March 6, 2017, the day before the speedy trial deadline.

¶ 5    At a pretrial hearing on March 3, Rainey, through his public defender, Neil DeVoogd,[1] requested a continuance. DeVoogd explained that he would be out of town for the week of March 6, and that when he had accepted that date, the parties had reached an agreement and there was "not any [likelihood] that [the case] was

---

[1] DeVoogd had recently replaced Rainey's initial public defender, who, according to Rainey's wife, had "called [Rainey] an asshole, had called him stupid at some point," and did not "communicate back in a timely manner."

2

going to be going to trial," but the agreement "ended up not going through."  He said that Rainey wanted to continue the representation and was asserting his "right to have [DeVoogd] as his attorney" at trial.  DeVoogd told the court that Rainey would agree to waive his right to a speedy trial.

¶ 6    The court recognized that every prior delay or continuance had "either been attributable to the DA or the Court" and that "none of them [we]re attributable to the Defense."  The trial judge rejected any notion that the continuance request was a dilatory tactic and indicated that she personally "felt terrible for Mr. Rainey in the midst of all of this" and was "sympathetic" to the request.

¶ 7    Nonetheless, the trial judge denied the continuance, finding, primarily, that it had been difficult to find a substitute judge to hear the case and, due to the nature of the case, it would be difficult to fit the trial back into her docket:

> It would have been great to have [DeVoogd] do
> it and that would have been a little more
> comfortable, I think for Mr. Rainey.  But what
> the factual [sic] comes down to is that this isn't
> a [complicated] case.  It's not a case that
> involved anything technical.  It's just straight
> forward witnesses and a victim who doesn't
> want to cooperate.

. . . .

> If I have to reset this case, it's getting reset [in] July, and then even then it's not a high priority case. Every week I have sex assault on a child, I have homicides set, I have [serious] assault cases set, crimes of violence set. There is a darn good chance that if we continue this, he gets bumped again. And I can't do that. I just can't do that for the sake of this case. He is getting his attorney of choice. He's getting the Public Defender and a fine one too. So, I understand where you're coming from, record so noted. But I'm gonna deny the request for a continuance.

¶ 8 Accordingly, in place of DeVoogd, two other public defenders from the same office represented Rainey at trial.

## II. Sixth Amendment Right to Counsel

¶ 9 Rainey contends that the district court's denial of his request for a continuance violated his constitutional right to continued representation by DeVoogd, his counsel of choice.

### A. Standard of Review

¶ 10 We review the district court's denial of a continuance motion for an abuse of discretion. *People v. Brown*, 2014 CO 25, ¶ 19. The court's "failure to understand the . . . criteria upon which [its] discretion is to be exercised can amount to an abuse of that discretion." *Pierson v. People*, 2012 CO 47, ¶ 21. And the court

4

necessarily abuses its discretion if it bases its ruling on an erroneous view of the law. *People v. Wadle*, 97 P.3d 932, 936 (Colo. 2004). Whether the court applied the correct legal standard is a question of law we review de novo. *Ronquillo v. People*, 2017 CO 99, ¶ 13.

## B. Analysis

¶ 11 The Sixth Amendment guarantees a criminal defendant "the Assistance of Counsel for his defence." U.S. Const. amend. VI; *see also* Colo. Const. art. II, § 16. That guarantee has been interpreted to include, among other things, the right to appointed counsel for indigent defendants, *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963), and the right to "select and be represented by one's preferred attorney" for defendants of means, *Wheat v. United States*, 486 U.S. 153, 159 (1988).

¶ 12 The People argue that because Rainey, as an indigent defendant, had no constitutional right to choose his lawyer, he also had no right to continued representation by his appointed lawyer. That argument cannot be squared with our supreme court's well-settled precedent.

¶ 13    To be sure, an indigent defendant does not have a right to select his appointed counsel. *Ronquillo*, ¶ 25 ("[A] defendant requesting a free lawyer can't choose which one he's given." (citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006))). But "[t]he right to continued representation by counsel of choice [is distinct] from an asserted right to have particular counsel of choice appointed." *People v. Harlan*, 54 P.3d 871, 878 (Colo. 2002). "[O]nce counsel is appointed, the attorney-client relationship is no less inviolable than if the counsel had been retained by the defendant." *People v. Shari*, 204 P.3d 453, 460 (Colo. 2009) (quoting *Harlan*, 54 P.3d at 878). So, "[w]hile there is no Sixth Amendment right for an indigent defendant to choose his appointed counsel, that defendant is 'entitled to continued and effective representation'" by court-appointed counsel of choice "in the absence of a demonstrable basis in fact and law to terminate that appointment." *Harlan*, 54 P.3d at 878 (citation omitted); *accord People v. Nozolino*, 2013 CO 19, ¶ 17.

¶ 14    The People's argument, which conflates the right to select counsel with the right to continued representation, was expressly rejected by the supreme court in *Harlan*. In that case, after the

defendant was convicted at trial and while two postconviction motions were pending, the district court disqualified appointed counsel based on an alleged conflict of interest. *Harlan*, 54 P.3d at 876. On appeal, the prosecution contended that the court's interest in avoiding a potential conflict necessarily outweighed any interest the defendant had in keeping his appointed counsel, noting that an indigent defendant has no right to counsel of his choice. *Id.* at 878. The court deemed that contention a non sequitur:

> [T]he People's contention that indigent defendants are not entitled to choose court-appointed counsel is irrelevant to the issue before us. . . . As noted above, an indigent defendant has a presumptive right to continued representation by court-appointed counsel absent a factual and legal basis to terminate that appointment. Because the issue presented in this case is whether Harlan may continue to be represented by his current counsel, and not whether he may choose his counsel, this argument by the People, and the case law cited to support the argument, is inapposite.

*Id.* (citation omitted); *see also Nozolino*, ¶ 17; *Shari*, 204 P.3d at 460; *Lane v. State*, 80 So. 3d 280, 296-99 (Ala. Crim. App. 2010) (explaining that the right to continued representation applies equally to indigent defendants and collecting state and federal cases

7

applying the rule); *State v. McKinley*, 860 N.W.2d 874, 879-80 (Iowa 2015) (adopting *Harlan*'s view and collecting cases).

¶ 15    In light of this case law, we reject the People's position that if a defendant does not pay for his lawyer, he has no grounds to object to his lawyer's replacement as long as the replacement lawyer handles the case competently. *See Lane*, 80 So. 3d at 296. "To allow trial courts to remove an indigent defendant's court-appointed counsel with greater ease than a non-indigent defendant's retained counsel would stratify attorney-client relationships based on defendants' economic backgrounds." *Weaver v. State*, 894 So. 2d 178, 189 (Fla. 2004).

¶ 16    And the right to continued representation means that an indigent defendant has a right to proceed with his specific appointed lawyer, not just any appointed lawyer from the public defender's office.

¶ 17    We have recognized that non-indigent defendants have this right. In *People v. Stidham*, 2014 COA 115, ¶ 10, a division of this court held that a defendant has a Sixth Amendment right to proceed with his specific lawyer, and that the district court erred by denying a motion to continue and thereby requiring the defendant

to proceed with another lawyer from the same firm.  *See also*

*Gonzales v. State*, 970 A.2d 908, 920 (Md. 2009) (trial court erred

by denying the defendant's request to continue with his own lawyer

and instead requiring him to choose between proceeding to trial

with a different lawyer from the same firm or representing himself).

¶ 18     If, as *Harlan* says, the attorney-client relationship between an

indigent defendant and his appointed counsel is no less inviolable

than the relationship between a non-indigent defendant and his

retained counsel, then the Sixth Amendment limits the district

court's power to replace a defendant's appointed lawyer with

another from the same firm or organization.[2]  *See Stearnes v.*

---

[2] *People v. Coria*, 937 P.2d 386 (Colo. 1997), does not affect our conclusion.  In that case, after noting that an indigent defendant does not have "an absolute right to demand a particular attorney," the supreme court stated that "[t]he substitution of one public defender with another does not violate the Sixth Amendment right to counsel, absent evidence of prejudice." *Id.* at 389.  The question on appeal, though, was whether a defendant has a right to be represented by a law student intern. *Id.* at 387, 388.  The supreme court never purported to address whether an indigent defendant has a right to continued representation by his appointed counsel. That precise issue was resolved five years later in *People v. Harlan*, 54 P.3d 871, 878 (Colo. 2002), which did not mention *Coria*. Because the propriety of substituting appointed counsel over a defendant's Sixth Amendment-based objection was outside the scope of the issue decided by the *Coria* court, the court's statement

9

*Clinton,* 780 S.W.2d 216, 223 (Tex. Crim. App. 1989) ("[T]he power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at [its] discretionary whim."); *State v. Huskey,* 82 S.W.3d 297, 305 (Tenn. Crim. App. 2002) ("[A]ny meaningful distinction between indigent and non-indigent defendants' right to representation by counsel ends once a valid appointment of counsel has been made."). To the client — whether indigent or wealthy — "[a]ttorneys are not fungible, as are eggs, apples and oranges." *United States v. Laura,* 607 F.2d 52, 56 (3d Cir. 1979). Once counsel has been appointed, and the defendant has reposed his trust and confidence in the attorney assigned to represent him, the district court may not "rend that relationship by dismissing the

---

is "mere dictum which is not binding on us." *McCallum Fam. L.L.C. v. Winger,* 221 P.3d 69, 73 (Colo. App. 2009).

The *Coria* court's statement was taken from *People v. Gardenhire,* 903 P.2d 1165 (Colo. App. 1995), in which a division of this court held that, absent some showing of prejudice, "the substitution of one public defender with another does not constitute a violation of defendant's *Sixth Amendment right to effective assistance of counsel." Id.* at 1168 (emphasis added). That narrow proposition is unrelated to the issue in this case. And to the extent a broader rule was intended, we decline to adopt it. *See Chavez v. Chavez,* 2020 COA 70, ¶ 13.

10

originally appointed attorney and then thrusting unfamiliar and unwelcome counsel upon the defendant." *McKinnon v. State*, 526 P.2d 18, 22-23 (Alaska 1974); *see also English v. State*, 259 A.2d 822, 826 (Md. Ct. Spec. App. 1969) ("[O]nce counsel has been chosen, whether by the court or the accused, the accused is entitled to the assistance of *that* counsel at trial.") (emphasis added).

¶ 19      The right to counsel of choice, including the right to continued representation, is not absolute. *See Rodriguez v. Dist. Ct.*, 719 P.2d 699, 706 (Colo. 1986). But, as *Harlan* recognizes, there is "a presumption in favor of a defendant's choice of counsel" that "extends to indigent defendants: A defendant's desire for continued representation by a court-appointed public defender is 'entitled to great weight.'" 54 P.3d at 878 (quoting *Rodriguez*, 719 P.2d at 707); *accord Nozolino*, ¶ 17. Only when that presumption is overcome may a court disregard a defendant's choice. *See Brown*, ¶ 21 (refusing to allow the defendant to proceed with his counsel of choice "is an 'extreme remedy' that should not be used absent a showing of prejudice") (citation omitted); *Harlan*, 54 P.3d at 877. For instance, if the defendant's choice of counsel has a conflict of interest, the presumption may be outweighed by the public's

11

interest in maintaining the integrity of the judicial process and the defendant's Sixth Amendment right to conflict-free counsel. *See Nozolino,* ¶ 16; *Harlan,* 54 P.3d at 877. Likewise, if counsel of choice is unable to appear without a continuance, some combination of interests including prejudice to the prosecution and the victim's rights may overcome the presumption. *Brown,* ¶ 24.

¶ 20 In determining whether competing interests overcome the presumption, the court "must balance the defendant's right to counsel of choice against the public's interest in both the 'efficient administration of justice' and maintaining the integrity of the judicial process." *Id.* at ¶ 22 (quoting *Harlan,* 54 P.3d at 877). As noted, when balancing those interests, the court must afford "great weight" to the defendant's choice. *Nozolino,* ¶ 17 (citing *Harlan,* 54 P.3d at 878); *accord Brown,* ¶¶ 16, 21.

¶ 21 The People argue that even if, in some circumstances, the court should consider the defendant's "desire" to continue with appointed counsel, no such deference was warranted here. DeVoogd had no longstanding or "special" relationship with Rainey, they say, and no substantial history with the case; thus, the court

had no obligation to cater to Rainey's "preference" to keep his lawyer.

¶ 22     But the argument arises from the faulty premise that Rainey's interest in continued representation by his counsel of choice amounts to no more than a mere "desire" or "preference," with no constitutional dimension.  The premise is irreconcilable with *Harlan* and *Nozolino*.  Contrary to the People's assertion, an indigent defendant's right to continued representation is not based on the district court's assessment of the strength or longevity of a particular attorney-client relationship, but on the recognition that "respect and deference must be accorded to a defendant's intelligent and informed choice of counsel under our justice system." *Nozolino*, ¶ 17; *see also Brown*, ¶¶ 7, 11, 28 (remanding to consider whether continuance should have been granted where retained counsel entered his appearance twelve days before trial).

¶ 23     Accordingly, though the decision whether to grant or deny a continuance ultimately falls within the sound discretion of the district court, where constitutional rights are concerned, the court must consider and weigh additional factors to enable our review of whether it properly exercised its discretion.  *See Brown*, ¶¶ 19-24;

13

*see also People v. Travis*, 2019 CO 15, ¶ 12 ("[W]hen the Sixth Amendment right to counsel of choice is at issue," a court ruling on a motion for a continuance "must demonstrate that it weighed the full range of factors that might affect its exercise of discretion.").

¶ 24     When ruling on a request for a continuance to allow representation by counsel of choice, *Brown* directs the district court "to consider and make a record of the impact" of eleven factors:

> 1. the defendant's actions surrounding the request and apparent motive for making the request;
>
> 2. the availability of chosen counsel;
>
> 3. the length of continuance necessary to accommodate chosen counsel;
>
> 4. the potential prejudice of a delay to the prosecution beyond mere inconvenience;
>
> 5. the inconvenience to witnesses;
>
> 6. the age of the case, both in the judicial system and from the date of the offense;
>
> 7. the number of continuances already granted in the case;
>
> 8. the timing of the request to continue;
>
> 9. the impact of the continuance on the court's docket;

10. the victim's position, if the victims' rights act applies; and

11. any other case-specific factors necessitating or weighing against further delay.

*Brown*, ¶ 24.

¶ 25     Though *Brown* involved a request for a continuance to *change* counsel, *see id.* at ¶¶ 7-9, we conclude that the same factors should guide the district court's discretion when the defendant seeks a continuance to *continue* with his counsel.  In both situations, the defendant's Sixth Amendment right to counsel of choice is implicated, and therefore the same interests must be balanced.

¶ 26     Indeed, the division in *Stidham*, ¶ 17, applied the *Brown* factors where the defendant sought a continuance to allow continued representation by his retained lawyer.  Because the right to continued representation applies equally to indigent defendants, we hold that the district court was required to weigh the *Brown* factors before deciding whether to grant or deny a continuance necessary for DeVoogd's continued representation of Rainey at

trial.[3]  *See Harlan*, 54 P.3d at 878; *see also Lane*, 80 So. 3d at 295 ("With respect to continued representation, however, there is no distinction between indigent defendants and nonindigent defendants.").

¶ 27    It is undisputed that the district court did not consider the *Brown* factors on the record.  What is more, it mistakenly concluded that Rainey was still "getting his attorney of choice" — i.e., any lawyer employed by "the Public Defender."  *Cf. Nozolino*, ¶ 20; *Stidham*, ¶¶ 14-17.  And rather than affording "great weight" to Rainey's choice to continue the representation, *Harlan*, 54 P.3d at 878, the court suggested only that Rainey "would have been a little more comfortable" with DeVoogd as his trial counsel.

¶ 28    As a result, we must remand for the district court to make findings on the record as to each applicable *Brown* factor and apply

---

[3] We reject Rainey's argument, relying on *People v. Stidham*, 2014 COA 115, that when the right to continued representation is at issue, as opposed to the right to select counsel of choice, no balancing test applies, and the district court must simply grant every request for a continuance.  The *Stidham* division's analysis in this regard, *see id.* at ¶ 14 & n.1, applied only to a situation where a defendant's chosen counsel fails to appear, through no fault of, and without notice to, the defendant.

the correct legal standard. *See, e.g., Brown*, ¶ 29 (remanding for court to make additional findings and apply the correct standard).

### III. Conclusion and Remand Order

¶ 29 The judgment is reversed, and the case is remanded for further proceedings. On remand, the district court must make findings on the record as to each applicable *Brown* factor (and state on the record why the remaining factors, if any, do not apply). If the court, after considering those factors and affording great weight to Rainey's choice to continue DeVoogd's representation, concludes that the presumption of continued representation has been overcome, it may reinstate the judgment of conviction, from which Rainey may separately appeal.[4] Otherwise, Rainey is entitled to a new trial. *See People v. Cardenas*, 2015 COA 94M, ¶ 19 (violation of a defendant's right to counsel of choice is structural error).

JUDGE JOHNSON and JUDGE VOGT concur.

---

[4] In light of our disposition, we decline to address Rainey's additional contentions. If, after remand, the judgment of conviction is reinstated and Rainey appeals, he may re-raise his other claims at that time.

17