24CA0026 Peo v Felsher 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0026
Douglas County District Court No. 21CR694
Honorable Patricia D. Herron, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Lyndie J. Felsher,

Defendant-Appellant.

SENTENCE REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE SULLIVAN
Welling and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, M. Shelby Deeney, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Lyndie J. Felsher, appeals the district court's denial of her motion to continue her resentencing hearing so that her counsel of choice could represent her. We reverse the sentence and remand with directions.

## I.     Background

¶ 2     In August 2021, the prosecution charged Felsher with driving under the influence as a fourth or subsequent offense and careless driving. *See* §§ 42-4-1301(1)(a), 42-4-1402(1), C.R.S. 2025. Felsher pleaded guilty with sentencing left open to the court. In February 2023, the district court sentenced Felsher to three years in community corrections.

¶ 3     Two months later, Jesse Glassman, a private attorney, entered his appearance on behalf of Felsher and moved for reconsideration of her sentence under Crim. P. 35(b). The district court denied the motion.

¶ 4     In October 2023, the community corrections program where Felsher was serving her sentence discharged her due to an unauthorized absence. Law enforcement arrested Felsher the following month.

¶ 5 The day after her arrest, November 17, 2023, Felsher appeared before the district court with a deputy public defender. The deputy public defender informed the court that Felsher wanted her private counsel to represent her. The court set a resentencing hearing for November 22, 2023, and said that Felsher had to hire counsel before then because it wouldn't "reset further beyond that date."

¶ 6 At the resentencing hearing, the deputy public defender again appeared with Felsher. He informed the court that Felsher's private attorney, Glassman, had entered his appearance in April; that Felsher wanted Glassman to continue representing her; and that Felsher's boyfriend had learned from Glassman's office that he was currently out of the country on vacation. As a result, the deputy public defender requested a continuance of the resentencing hearing.

¶ 7 The district court denied the continuance request, finding it was "appropriate" to "get [Felsher's] resentencing done today." After hearing from Felsher directly, the court converted her three-year community corrections sentence to a three-year Department of Corrections sentence.

¶ 8     Felsher appeals, arguing that the district court (1) violated her Sixth Amendment right to counsel of choice by denying her continuance request; (2) violated section 18-1.3-301(1)(g), C.R.S. 2025, by supposedly refusing to hold a new sentencing hearing after her discharge from community corrections; and (3) abused its discretion by sentencing her to three years in the Department of Corrections.  We agree with Felsher's first contention and, because we conclude it is dispositive, need not reach her second or third contentions.

## II.     Choice of Counsel

¶ 9     Felsher contends that the district court violated her Sixth Amendment right to counsel of choice by denying her continuance request at the resentencing hearing and proceeding in the absence of her private counsel, Glassman.  We agree.

### A.     Applicable Law and Standard of Review

¶ 10     The Sixth Amendment affords a criminal defendant who doesn't request appointment of counsel the right to be represented by counsel of choice.  *See* U.S. Const. amend. VI; *People v. Brown*, 2014 CO 25, ¶ 16; *People v. Stidham*, 2014 COA 115, ¶ 7.  But the right to counsel of choice isn't absolute.  *Brown*, ¶ 17.

3

Considerations such as judicial efficiency or the public's interest in maintaining the integrity of the judicial process may, in some situations, outweigh the defendant's interest in being represented by a particular attorney. *Id.* A defendant may not, for example, use the right to counsel of choice to delay the trial or impede judicial efficiency. *Id.*; *accord People v. Gilbert*, 2022 CO 23, ¶ 20.

¶ 11 In *Brown*, our supreme court announced a multi-factor balancing test that the district court must use to balance the defendant's Sixth Amendment right to counsel of choice against the demands of fairness and efficiency. *Brown*, ¶ 20. Specifically, the district court must consider the following:

(1) the defendant's actions surrounding the request for the continuance and apparent motive for making the request;

(2) the availability of chosen counsel;

(3) the length of continuance necessary to accommodate chosen counsel;

(4) the potential prejudice of a delay to the prosecution beyond mere inconvenience;

(5) the inconvenience to witnesses;

(6) the age of the case, both in the judicial system and from the date of the offense;

(7) the number of continuances already granted in the case;

(8) the timing of the request to continue;

(9) the impact of the continuance on the court's docket;

(10) the victim's position, if the victims' rights act applies; and

(11) any other case-specific factors necessitating or weighing against further delay.

*Id.* at ¶ 24. No single factor is dispositive, and the weight accorded to each factor will vary depending on the specific facts of the case. *Id.* The court need not make findings on each factor, *Gilbert,* ¶ 26, but it must give "significant weight" to the defendant's right to counsel of choice, *Brown,* ¶ 21.

¶ 12     When, as here, the record contains the relevant information, we may review the district court's ruling on the motion to continue under the *Brown* balancing test and need not remand the case for the district court to make more express findings. *Gilbert,* ¶ 27.

¶ 13     We review a district court's ruling on a motion for a continuance for an abuse of discretion. *Id.* at ¶ 18. But a violation of a defendant's Sixth Amendment right to counsel of choice is a

5

structural error that requires automatic reversal. *Id.* at ¶ 38 (citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006)).

B.    Analysis

¶ 14    We begin with a presumption in favor of Felsher's Sixth Amendment right to counsel of choice. *See id.* at ¶ 30. While this presumption may be overcome, the record here doesn't reflect that "the demands of fairness and efficiency" outweighed Felsher's Sixth Amendment right to the counsel of her choice. *Brown*, ¶ 20.

¶ 15    First, Felsher's actions surrounding the continuance request didn't suggest that she sought to delay the proceedings. Felsher appeared in court one day after her arrest. Three business days later, she asked to continue the resentencing hearing so that her counsel of choice, Glassman, could represent her once he returned from vacation. Moreover, Glassman had already entered his appearance seven months earlier, so Felsher wasn't seeking additional time to "look for" and retain a new attorney. *People v. Travis*, 2019 CO 15, ¶ 13. And although Felsher was initially charged two years earlier, the case proceeded quickly once community corrections discharged her from the program. *See Gilbert*, ¶ 34.

¶ 16    Second, any delay would likely have been minimal. Glassman was temporarily out of the country on vacation. He hadn't sought to withdraw from representing Felsher, and nothing suggested that he was otherwise unavailable for a long-term period. Nor did anything indicate that Glassman couldn't have been prepared to proceed following a short continuance. *See id.* at ¶ 33. While the public defender said that Felsher's attorney would need some time to collect information on Felsher's violations and write-ups at community corrections, nothing suggested that the process would have been overly time consuming.

¶ 17    Third, the prosecution didn't assert that it would suffer any prejudice, beyond mere inconvenience, if the district court granted Felsher's request for a continuance. *See id.* at ¶ 36. The prosecution also didn't allege that witnesses would be inconvenienced by a short continuance or that the victims' rights act applied. *See id.* On appeal, the People again don't identify any prejudice or inconvenience to either the prosecution or any witnesses or victims. *See id.* (concluding trial court violated the defendant's right to counsel of choice even though continuing the trial may have "inconvenienced the witnesses and victims").

¶ 18 Fourth, any impact from a brief continuance on the district court's docket would likely have been minor. The court was able to schedule the resentencing hearing a mere three business days after Felsher first appeared following her discharge from community corrections, suggesting that rescheduling the resentencing hearing further out to accommodate Glassman's schedule wouldn't have proved difficult. And unlike a lengthy multiday trial that may have been more challenging to schedule, Felsher's resentencing hearing would have been relatively short.

¶ 19 We recognize that the trial court had already granted two other continuances at earlier stages in this case. But those continuances weren't lengthy, and the case proceeded quickly during the resentencing phase. *See id.* at ¶¶ 34-35 (determining the trial court should have granted the defendant's request for a continuance despite delays earlier in the case). In all, we can't say on this record that "the demands of fairness and efficiency" outweighed Felsher's Sixth Amendment right to counsel of choice. *Brown,* ¶ 20. Accordingly, we reverse Felsher's sentence and remand the case to the district court for further proceedings.

¶ 20    As noted at the outset, Felsher raises two additional contentions on appeal — namely, that the district court (1) violated section 18-1.3-301(1)(g) by supposedly refusing to hold a new sentencing hearing after her discharge from community corrections and (2) abused its discretion by imposing a three-year prison sentence.  Rather than address the merits of these additional contentions, which may or may not arise on remand, we reverse the sentence and remand the case so that Felsher may proceed to resentencing with her counsel of choice.  We offer no opinion regarding the nature of proceedings Felsher is entitled to on remand or the scope of the district court's discretion regarding the sentence it imposes.  Instead, counsel of choice may present those arguments to the district court in the first instance.

### III.   Disposition

¶ 21    We reverse the sentence and remand the case to the district court for further proceedings consistent with this opinion.

JUDGE WELLING and JUDGE GOMEZ concur.